VAIL *vs.* THE JERSEY LITTLE FALLS MANUFACTURING COMPANY.

Where, under a contract of hiring for a specified period, at a fixed salary, the person employed continues to render services beyond that period, he will be entitled to compensation at the same rate, for the additional time.

A continuance in the employment of the hirer, with the consent of the latter, after the expiration of the time specified in the agreement, is equivalent to a new hiring upon the same terms.

The fact that the employer does not continue to carry on his business during a portion of the time, and that during that interval there is nothing for the employee to do, in one of the capacities in which he is employed, will not affect the construction of the contract, or the liabilities of the parties.

THE plaintiff sued to recover a balance claimed to be due to him for services rendered to the defendants as their secretary and shipping agent, from January 9th to May 15th,

Vail *v.* Jersey Little Falls Manufacturing Company.

1858. It was in proof, that the plaintiff acted as the defendants' secretary during that period; and the question in dispute was, whether these services were rendered under a contract, whereby the defendants had agreed to pay therefor at the rate of $1200 per annum. The defendants were engaged in quarrying stone, at Newark, N. J., and in the spring (April 9th) of 1857, hired the plaintiff to act as their "shipping agent," for the "season," (of "quarrying and transportation;") and agreed to pay him at the rate of $1200 per year salary. On the 24th November, the defendants' directors passed the following resolution: "On motion of T. E. Hastings, Orsamus M. Vail was unanimously elected to the office of secretary of this company, for the balance of the current year, with the understanding that he is to act as the secretary and shipping agent of the company, at Newark, at the rate of salary of twelve hundred dollars per annum, being the same rate of salary heretofore stipulated to pay said Vail for his services, as agent for this company, at Newark." The "current year" expired January 10th, 1858, and the plaintiff was paid, at the rate of $1200 per year, up to that date. The action was tried before Justice DAVIS, without a jury. The court held that the plaintiff, having continued to act as secretary of the company after the expiration of the "current" year, and his services having been accepted by the company, in the absence of any particular arrangement subsequent to the resolution of November 24th, was entitled to recover at the rate of salary fixed by the resolution, until the period when he ceased to act as such secretary, May 15th, 1858, and thereupon gave judgment for the plaintiff for four hundred and thirty-five dollars and nine cents, being at the rate of twelve hundred dollars per year, for the period from January 9th to May 15th, 1858, with interest from the latter date. From this judgment the defendants appealed.

Vail *v.* Jersey Little Falls Manufacturing Company.

*H. M. Hyde*, for the appellant.

*J. N. Lake*, for the respondent.

*By the Court*, ALLEN, J. This case is not properly before us. Having been tried by the court without a jury, the case should have contained a separate statement of the facts found by the justice, and his conclusions of law. (*Code*, § 268.) The case contains no such statement.

But if this defect be overlooked, it will be seen that upon the merits the case is with the plaintiff. The only question is upon the construction and effect to be given to the contract of hiring, as expressed in the resolution of the defendants' directors of the 24th November, 1857. This resolution, and the acceptance of the office and employment under it, constitutes the contract between the parties from that time. In the spring, and about April, 1857, the plaintiff was employed as shipping agent of the defendants at the *yearly* salary of $1200. Although the compensation was in the form of a yearly salary, &c. the hiring might perhaps be held to be a hiring by the year, though the actual duties of the shipping agent as such were necessarily and by their nature confined in the main to the season of navigation, and in the winter of 1857–8, actually terminated about 1st January, 1858. In Nov. 1857, and while the plaintiff was acting as shipping agent, the office of secretary of the defendants became vacant, and by resolution of the directors the plaintiff was appointed to the office " for the balance of the current year, with the understanding that he is to act as secretary and shipping agent of the company at Newark, at the rate of salary of $1200 per annum, being the same rate of salary heretofore stipulated to pay said Vail for his services as agent for this company at Newark." The current business year of the company expired on the 10th of January, 1858, at which time a new board of directors should have been chosen, but the election did not take place till February 24th, and the plaintiff continued to

act as secretary until the 15th of May. There is no proof of any service as shipping agent after January, 1858. The fact that for a part of the year there was nothing to be done by the plaintiff in one of the capacities in which he was employed by the defendant cannot vary the effect of the contract as made by the parties. So long as he performed the duties pertaining to his situation, at all times, so far as there were duties to be performed, and held himself ready to render all the services required of him in the proper season for their performance, the plaintiff has a right to insist upon a performance by the defendant. The year of his employment as shipping agent, if it were a hiring by the year, expired in April. And if it were a hiring so long as any thing was to be done as shipping agent in 1857, or to close up the business of that year, it terminated in January, 1858. But the employment of the secretary, although for the " current year," and for the reason that the board of directors could not appoint a secretary for a longer period, was at a fixed salary, and if the services continued beyond that year they were at the same rate. A continuance in the employment with the consent of the defendants after the expiration of the " current year," was equivalent to a new hiring upon the same terms. (*Evertson* v. *Sawyer*, 2 *Wend.* 507. *Bradley* v. *Covel*, 4 *Cowen*, 349.) It would be fair to presume from the language of the resolution and the acts of the parties that it was expected to resume the quarrying and shipping stone in the spring of 1858, and that the plaintiff would continue to act as secretary and shipping agent on and after November, 1857, and up to January, 1858; and had that been the case the plaintiff would not have been heard upon a claim beyond the salary of $1200, no matter what might have been the actual value of his services. The fact that the defendant did not continue its business cannot affect the construction of the contract, or the liabilities of the parties. The plaintiff waited till 15th May for the defendant to resume its business, which the year before commenced in April, being daily at the office of the

company performing the duties of secretary and ready to act as shipping agent, and is entitled to recover after the rate agreed upon.

The judgment should be affirmed.

[NEW YORK GENERAL TERM, September 17, 1860. *Sutherland, Bonney* and *Allen,* Justices.]