HUNTINGDON, Appellant, v. CLAFFIN, Respondent.

CONTRACT FOR SERVICE. Where, under a contract for a year, as 1859, ser-
vice is continued in 1860, without any new arrangement, it seems, that
the terms of the original contract will be understood to be renewed.

NON-FULFILLMENT OF CONTRACT FROM INCAPACITY. The discharge of an
employee, because of habits which disqualify him for the proper perform-
ance of his duties, works the same forfeiture as a voluntary abandonment
of service. By his own fault, the employee is rendered incapable of ful-
filling his agreement.

Application to this case, of *Purchase* v. *Matteson* (25 N. Y. 211), and *Hoag-
land* v. *Miller* (16 Abb. 103), considered.

CLERKE, J. From the plaintiff's own evidence, it appears,
that, in January, 1859, he renewed an arrangement with the
defendants, by which he agreed to sell goods for them, and
to receive a commission of one per cent on all the goods sold.
He was to draw $100 per month to live upon, the balance to
remain until the 1st of January thereafter; and, if he did
not remain until that time, he agreed to forfeit the balance
coming to him. The same arrangement seems to have been
continued for 1860. The plaintiff says there was no new
arrangement made for 1860; therefore, that of 1859 was to
be continued, neither party having given any notice to the
contrary to the other, although Mr. Claffin says it was con-
tinued by the express agreement of both parties. The plaint-
iff admits that the arrangement of 1857 continued through
the whole thing. Between January 1, 1860, and 23d of
November, 1860, the plaintiff made sales of goods for the
defendants to the amount of $275,000, which, at the rate of
one per cent commission, would entitle him to the sum of
$2,750; of which sum $1,900 had been paid, leaving due to
him, if he had fulfilled his agreement, $850; for which, with
interest, he demanded judgment. The answer denied each
and every allegation in the complaint.

On the trial, the plaintiff testified to the terms of the
agreement, which was continued in 1860; that he became
intemperate, and was frequently intoxicated in the store,

until at last Mr. Claffin discharged him, on the 23d or 24th of November, 1860. Thus, by his own fault, he was made incapable of fulfilling his agreement, by remaining in the store until the end of the year; and he forfeited the balance that was due to him. The commission was to be one per cent on all the goods he sold, provided he remained there; he did not remain there, in consequence of his misconduct; and he is not entitled, according to his own showing, to the balance which he claims.

The complaint was properly dismissed. The exceptions to the rulings at the trial are clearly untenable.

As to the objection that there was a mistrial in ordering judgment to be suspended, and the exceptions to be heard in the first instance at the General Term, this case does not come within the decision in *Purchase* v. *Matteson* (25 N. Y. 211). The evidence here was not conflicting, although evidence was taken on both sides; no material part of it was conflicting.

As to the decision in *Hoagland* v. *Miller* (16 Abb. 103), that it is a mistrial to direct that an exception to the dismissal of the complaint be heard at the General Term in the first instance, I understand this is at variance with the practice invariably recognized by this court.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.