ADELE MILLER, RESPONDENT, v. MONTGOMERY R. HOOPER, APPELLANT.

*Account stated — charge for services — assent to — presumption as to similar charges for subsequent services.*

The fact that a person assents to a charge for a certain number of hours' services for the first year, does not create an implied obligation on his part to pay twice as much the second year, because the services were performed during double the number of hours in the latter.

APPEAL from a judgment entered upon the report of a referee in favor of the plaintiff.

The plaintiff was a teacher of the French language in the defendant's school from September, 1868, until July, 1873. During the first year she wàs employed two hours a week for the sum of $200. The second year she was employed seven hours and a half a week, and after that fifteen hours a week. No agreement was made as to the rate of compensation after the first year. Money was paid to the plaintiff by the defendant at various times on account, and at the termination of the employment, the plaintiff rendered an account charging $500 for her services the second year, her services thereafter being charged on the account, but no price carried out for them.

The defendant retained the account rendered without objection.

*Matt. H. Ellis*, for the appellant.

*S. H. Thayer*, for the respondent.

DANIELS, J.:

The plaintiff taught the French language in the school of the defendant. From September, 1868, to September, 1869, she devoted two hours a week to that object during the continuance of the school, for the salary of $200. From September, 1869, to September, 1870, she devoted seven hours and a half each week to the same object; and after that, until July, 1873, she taught French in his school fifteen hours each week. In the month of

June, 1871, she rendered an account to the defendant, in which she charged $500 for her services the second year, when she taught seven and a half hours each week. The services for the year ending September, 1871, were charged in the account, but no price carried out for them. The defendant retained the account without objection, and the referee held that he was concluded by it as an account stated; not only as to the salary mentioned in it, but at and after that rate for all the services subsequently performed by the plaintiff. That as he had accepted the charge of $500 for seven and a half hours' services each week, it followed from that circumstance, that he had become obligated to pay $1,000 for fifteen hours' similar services each week during the following years; and, accordingly, he rejected evidence offered by the defendant to prove the actual value of the plaintiff's services while she taught the fifteen hours each week; and these rulings are now relied upon by the respondent as correct, because tenants holding over after the expiration of their terms, and persons performing the same services after the expiration of the contract of hiring, are presumed to continue liable to pay the same amount of rent, and entitled to the same compensation, as that provided for by their previously existing agreements. To that extent the rule seems to be reasonably well settled. (*Bradley* v. *Covel*, 4 Cow., 349; *Evertsen* v. *Sawyer*, 2 Wend., 507; *Huntingdon* v. *Claflin*, 38 N. Y., 182.) But it never has been extended farther than that, and it does not seem capable of being, upon any sound or logical principle of deduction. Because a person may be willing to pay a certain price for a certain number of hours' services during any given period of time, it cannot be presumed that he intends to assent to payment of double that compensation for double the number of hours. There was nothing in the account rendered from which any such conclusion could be reasonably drawn, for the plaintiff made no such charge whatever in it. Her charges did not extend beyond the second year. The charge for them was designedly omitted for the third; and that circumstance indicated the intention to leave the compensation, after the second year, open for future adjustment; that was the plain inference from this incomplete condition of this account. The courts have concluded parties receiving accounts containing charges made against them, and retaining them without objection.

to the extent of the charges made by them. But they have never gone so far as to conclude them upon the same basis in their future transactions, forming no part of the charges made in the account rendered. No presumption arose out of the circumstances that the defendant by assenting to the charges of $200 for the first year, and $500 for the second, undertook to pay $1,000 for each of the other years, because the services were doubled in quantity. No agreement of that nature can be assumed from the facts appearing in this case. The services after the second year were rendered without any other contract than that which the law implies from the acts of the parties; and that is, that the plaintiff should receive their reasonable value. (*Moore* v. *Moore*, 21 How., 211, 223; *Williams* v. *Glenny*, 16 N. Y., 389.) The judgment should be reversed and a new trial ordered, with costs to abide the event.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.