SCULLY *v.* DELAMATER and others.

(*Circuit Court, S. D. New York.* July 20, 1886.)

1. ACCORD AND SATISFACTION—PAYMENT.

Where one party employs another to make repairs, and on settlement therefor keeps back any portion of the price as compensation for bad workmanship or material, the transaction is a full accord and satisfaction as to all damages then known to the employer, a settlement of everything the parties intended to settle, and a complete extinguishment of all claim for damages, so far as the minds of the parties meet and coincide.

2. SAME—ESTOPPEL.

But if, in such a case, there are hidden defects, of material or workmanship, unknown to the employer, and which he could not, by the exercise of reasonable care, ascertain, they are not compensated by the payment he has received, and his acceptance and retention of such payment will not bar his right of action for such hidden defects. when discovered.

Action to recover damages resulting to plaintiff from the defective manner in which the furnaces to the boiler of his steam-tug had been repaired by defendant. Defense was based on accord and satisfaction. Judgment for plaintiff, and defendant moves for a new trial, alleging that the jury was misdirected.

*Edward D. McCarthy*, for plaintiff.

*Thos. Darlington*, for defendants.

WHEELER, J. The defendants repaired the crown-sheets of the furnaces to the boiler of the plaintiff's steam-tug, by cutting out parts of the iron, and putting in new, and riveting the new parts to the old. After the work was done one of the joints leaked, and the boat was returned to the defendants' works several times, and the crown-sheets were caulked at that place. The defendants called on the plaintiff for the pay for the work. He claimed there should be a deduction for bad workmanship, and loss of time of the tug in consequence. Five hundred dollars were deducted on that account, and

he paid the balance. This action is brought to recover further damages for bad workmanship in making those repairs. The plaintiff's evidence tended to show, and was not much contradicted in this respect, that the holes in the new part did not fit those in the old for the rivets, at one of the laps, and that some of the holes in the old were reamed out larger to admit the rivets, and others made between, in some places, and the rivets put in, making bad and dangerous work, which would be concealed by the lap and rivets, and not readily discoverable; that there continued to be a leak at that place and he took the boat to other works, where they tried to repair it by caulking and otherwise, but failed to make the joint tight, and finally the furnaces were taken apart, and these holes were discovered; and that he sustained large damages by the loss of the use of the tug while attempting to get it repaired, before discovering these holes, and was put to large expense for those repairs. The defendants claimed that the payment of the $500 for bad workmanship, by deducting it from the price of the work, was a full satisfaction of all damages for anything done about the work, and an absolute bar to the right of the plaintiff to recover, and requested that a verdict for the defendants be directed. The request to direct a verdict was refused, and the jury were instructed, in substance, that the payment of the $500 was to be taken to have been a full settlement and payment of all damages which had resulted, or might result, from any fault of the defendants about the work, that the plaintiff then knew of, or by reasonable diligence might have known of, at that time; but that if the making these holes was a distinct piece of bad workmanship, that the plaintiff did not know of, and could not reasonably be expected to know of, at that time, and was not contemplated in making the settlement, and was not settled for, the plaintiff would be entitled to recover the reasonable expenses of endeavoring to repair the defect as it was made to appear, and reasonable compensation for the loss of the use of the tug during the necessary time of making the endeavors, and for reasonable expenses of remedying the defect when discovered. The jury returned a verdict for the plaintiff, and the defendants move for a new trial on account of the refusal to direct a verdict, and of this direction to the jury.

There is no question but that, as claimed and argued for the defendants, the acceptance of the $500 was a full settlement of all claim for any further damages for that for which it was paid and received, however great the damage might turn out to be, and however it might extend beyond the expectation of the parties. The evidence of this settlement rested wholly in parol, and what was settled for was a matter of fact, to be determined upon evidence. The parties settled what they agreed to settle. The plaintiff would have the right to expect that the work had been done in the usual manner, although defectively, and would not be bound to look for any injury to the structure of the furnaces out of the common course. The jury

have found, upon the evidence, that these holes were a distinct piece of bad workmanship, which the plaintiff did not know of, and would not be expected to know of. The agreement to take the $500 was an accord, because the minds of the parties met in accord. This thing was outside of what was in the contemplation of the plaintiff. It was not a mere consequence, not contemplated, of something that was in contemplation, but was itself a cause of damage wholly left out, with its consequences. None of the many cases which the diligence of the defendants' counsel has brought to notice go to show that such a cause of action, itself not known to exist at the time of a settlement, is brought into it by construction.

In *Lee* v. *Lancashire Ry. Co.*, L. R. 6 Ch. 527, a bill was brought to set aside a release of a claim for damages caused by an accident, and it was held, on appeal from Vice-Chancellor MALINS, that the receipt could be rebutted by evidence that the plaintiff did not receive the money in full satisfaction of all demands, and that the case should be tried at law, and the bill be dismissed. On the trial at law the question would be, as was submitted to the jury here, whether the demand in suit was one for which satisfaction had been received.

In *Roberts* v. *Eastern Counties Ry. Co.*, 1 Fost. & F. 460, the plaintiff was injured on the defendant's road, and his hat crushed, by being overturned in a car. He did not know of any injury beyond that to his hat, and accepted two pounds for that, and gave a receipt, which was pleaded in bar to an action for the other injury. Lord COCKBURN, C. J., said: "It cannot be seriously urged that, if plaintiff has been seriously injured, he is precluded from recovering because he agreed to accept two pounds for his hat."

Although the defendants settled with and paid the plaintiff for all their bad work that he knew of, and could reasonably know of, they have not settled for this piece of bad work that he did not know of, and he appears to have properly recovered a verdict for that.

Motion for new trial overruled, stay of proceedings vacated, and judgment on verdict ordered.