JOHN A. DUTTON, ASSIGNEE OF WALTER M. HARRIS, APPELLANT, *v.* THE GALE MANUFACTURING COMPANY, RESPONDENT.

*When the terms of a written contract will be presumed to be applicable to business carried on after the expiration of the time, fixed by such contract for its continuing in force.*

In February, 1883, the defendant made a contract in writing with one Harris to furnish him with plows, and certain other things to be used in connection with them, at stipulated prices to be paid by Harris, for a portion of which he was to give his notes. By the terms of the contract the title to the property was to remain in the defendant until it was paid for, and the contract was not to be binding and in force longer than until January 1, 1884.

Under this contract goods were furnished to Harris in 1883, and also in 1884, without any further agreement being made, Harris continuing in like manner to give his notes. On April 10, 1885, while some of the notes given by Harris for goods furnished to him in 1884 remained unpaid, he made a general assignment for the benefit of his creditors.

*Held*, that the title to the goods furnished in 1884 remained in the defendant, as it was to be presumed, in the absence of evidence to the contrary, that the parties intended to continue to carry on their business upon the same terms as those stated in the written contract.

APPEAL by the plaintiff from a judgment, entered in Cayuga county on the report of a referee.

The action is for alleged conversion by the defendant of plows, castings, etc., to which the plaintiff claims title, as assignee for the benefit of the creditors of Harris. It appears that in February, 1883, the defendant made a contract in writing with Harris to furnish him plows and some other things to be used in connection with them at stipulated prices to be paid by him, for a portion of which he should give the defendant his notes. The title to the property was to remain in the defendant until the property was paid for, and "the contract not to be binding and in force longer than January 1, 1884." Under this contract goods were furnished to Harris in 1883, and in 1884 the defendant furnished to him goods upon his order without any further agreement made between them, and Harris, in like manner, gave the defendant his notes. Some of the notes made by Harris in 1884, for goods furnished him that year, remained unpaid when he made his general assignment for the benefit of his creditors to the plaintiff on April 10, 1885.

The property in question was included in his schedule filed, of property assigned, and the defendant thereafter took the possession of it, and on his refusal to redeliver it to the plaintiff this action was brought. The referee found and determined that the defendant had title to all the property, except three plows furnished to Harris in 1883, which had been paid for, of the value of twenty-six dollars and eighty-five cents, and directed judgment for the defendant for costs, less that amount to be deducted from them. The plaintiff appeals.

*A. P. Rich*, for the appellant.

*J. S. Garlock* and *W. H. Beach*, for the respondent.

BRADLEY, J.:

The main question is whether the terms of the contract made between Harris and the defendant, of February 10, 1883, were applicable to the transactions between them, after the expiration of the term expressed in it, so as to govern their rights of property in the goods in question, which were furnished and delivered by the defendant to him in 1884 and not paid for. The contention on the part of the plaintiff is that, by its terms, the written contract ceased to be operative on the 1st of January, 1884, and that its provisions could not be continued beyond that prescribed period without an express agreement or understanding to that effect; and that when goods were thereafter furnished and delivered by the defendant to Harris upon his order without qualification, and his notes taken for them, the title passed to him which was taken by the assignee. The property was furnished to and obtained by Harris to sell within certain limits prescribed by the contract, within which his right to sell was granted by the defendant; and if it may be assumed that the right of Harris to sell the plows depended upon the grant in the contract referred to, his sales in 1884 were without right unless afforded by the continuance of such grant. It does not appear that further arrangement was expressly made between the parties to it, or that he sought to sell in any other than the prescribed territory. A relation with a view to the supply on certain terms of property by one party, for the purpose of sale by another, was formed by their contract for a limited period only, and, notwithstanding its expiration, they continued to proceed in like manner, and apparently with a view to the same purpose.

The question arises whether there is opportunity to infer any intention, common to the parties, or whether there is any implied understanding which the law will apply in such a case. The terms of the contract of 1883 are not such as to preclude the presumption that they intended to continue upon the same terms as those they had initiated by their written contract. And the implication or presumption is, that they did so proceed after the expiration of the period defined by it for its operation until something appears to the contrary. (*Vail* v. *Jersey L. F. M. Co.*, 32 Barb., 564; *Huntingdon* v. *Claffin*, 38 N. Y., 182; *Ross* v. *Hardin*, 79 id., 84; *Wallace* v. *Floyd*, 29 Penn. St., 184; *Ranck* v. *Albright*, 36 id., 367.)

The evidence permitted the inference to that effect, and fairly supported the conclusion of the referee in that respect, that the terms of the contract of February, 1883, between the defendant and Harris were carried into their transactions of 1884, and that their rights must be determined accordingly. This view requires the conclusion that the title to that portion of the plows, etc., in question, delivered in 1884, was in the defendant, and substantially disposes of all the exceptions taken upon the trial, and to the conclusions of the referee and to his refusals to find.

The judgment should be affirmed.

HAIGHT and ANGLE, JJ., concurred.

Judgment affirmed.