Daniels, J.
The plaintiff was, by the action of its board of directors, dismissed, in February, 1885, from his position or office of secretary of the defendant. He had been in that employment in that capacity from the 31st of December, 1857, at yearly salaries, payable monthly or quarterly, but varying in amounts. There was no contract by which the defendant agreed to continue him in its service for any specified period of time, other than what might possibly be inferred from the fact that he was in its employment under yearly salaries, and if a yearly contract should be inferred from that circumstance, such employment could only be terminated at the expiration of the year, were it not for the fact that the by-laws of the corporation in this case provided otherwise. Vail v. Jersey Little Falls Co., 32 Barb., 564; Kirk v. Hartman, 63 Penn., 97, 105-6. But it was-declared and provided in the by-laws of the company that “the president, vice-president, secretary, surveyor and clerks, shall respectively hold their offices during the pleasure of the board of directors, and until the appointment of a successor, either permanent or pro tern, and no officer or clerk shall be removed without a concurrence of a majority of the whole board of directors. The president may suspend, for cause, any officer or clerk until the board shall be convened.”
And the existence of this by-law seems to have been known to the plaintiff while he continued in the defendant’s employment. It was contained in a book in part authenticated by his name as the secretary "of the company. Upon this subject he was asked:
Q. “Is it a copy of the by-laws at that time ?”
A. “I presume it to be; I have no original to compare it-
*303 with. The original must be in the book of minutes, and could be compared and ascertained definitely.”
Q. “Have you any doubt that those are the by-laws of the company as issued in 1850 ? ”
A. “I have no doubt, but I cannot say positively, because I have not compared it with the original.”
Q. “What is that book I show you (showing another book to witness) ? ”
A. “ That is also a copy of the charter and by-laws of the company, and that was made in 1881.”
Q. That was issued while- yon were secretary, wasn’t it?”
A. “Yes, I presume it to be a copy of the same.”
Q. “ Doesn’t your name appear as secretary on the page ?” A. “Yes, sir.”
Q. “You issued such copies as that, did you not, while vou were secretary ? ”
A. “I think that it was done under the direction of a committee—I don’t think I did it.”
Q. “But you were secretary at that time and cognizant of it?”
A. “Yes, I was secretary.”
Q. “Have you any doubt that those were the by-laws at that time ? ”
A. “No.”
While the witness did not expressly in this examination admit his knowledge of the existence of the by-law, it is a plain inference from it that he understood and knew that this was one of the by-laws of the company regulating the tenure of his own employment, as well as that of the other persons and officers mentioned in it. If he had not understood that to be the fact, the least that could have been expected of him under the circumstances was that he should have denied the possession of such knowledge, and that he failed to do. The court was accordingly sustained in the inference that the plaintiff’s employment was qualified by the language of this by-law, and that it authorized the company at any time to dispense with his services, as it did by a resolution afterwards adopted by the board of directors. The case is in principle not entirely dissimilar to Smith v. Buffalo Street Railway Co., 35 Hun, 204. And his dismissal from the service of the company, was for these reasons a breach of no contract authorizing him to maintain an action for damages. In the course of bis testimony he stated that he had performed services under the direction of the president of the company after his discharge, but the amount of the services or their value, was not described or given in the evidence. Neither was any claim made in the complaint for these services, as a ground
*304 of action. As to this part of the case, it was left in so indefinite a condition that it presented no question for the decision of the jury. . The dismissal of the complaint was justified, and the judgment should be affirmed
Van Brunt, P. J., and Brady, J., concur