JOSEPH W. DOTY, RESPONDENT, v. THE CASE & WILLARD THRESHER COMPANY, APPELLANT.

*Guarantor of a debt, discharged by a settlement made between the owner of the claim and the debtor — commissions to an agent for a sale effected after the termination of his employment.*

In an action, brought to recover for commissions for services performed by the plaintiff, as the agent of the defendant, in the sale of certain threshing machines, it appeared that the plaintiff had procured an order from one Cooke for a machine for which Cooke paid by giving his promissory notes.   The order for the machine, together with a statement of his property made by Cooke show-

ing that he was the owner of real estate worth $4,400, over and above all incumbrances, were forwarded to the defendant, who shipped the machine to the purchaser.

The referee before whom the action was tried found that the statement made by Cooke was false; that he was at the time of making it insolvent, and that the plaintiff was guilty of negligence in not making inquiry in regard to his financial condition.

The contract under which the plaintiff acted for the defendant provided that orders from purchasers should be accompanied by a true property statement; and in the absence of such statement, or if the purchasers were not parties of well known responsibility, the plaintiff agreed to guaranty the payment of notes given for the machines, at the maturity thereof.

The defendant, subsequently to receiving the notes of Cooke, settled with the administrator of Cooke for a sum, $276 less than their face value, and surrendered the notes.

*Held,* that the settlement operated as a waiver and release of the plaintiff from the liability existing, under the terms of his contract, by reason of insolvency of the purchaser and the negligence of the plaintiff in accepting the order from such purchaser.

An agent who, having been formerly employed to sell machines at a commission of twenty per cent, subsequently to the termination of his employment advises his former principal that he can effect a sale of one of the machines at a price named, and is authorized to do so, is presumptively entitled to twenty per cent commission upon such sale.

Appeal from a judgment in favor of the plaintiff, entered in Niagara county July 9, 1888, upon the report of a referee.

*John Cuneen,* for the appellant.

*E. J. Taylor,* for the respondent.

Haight, J.:

This action was brought to recover pay for commissions, storage and services performed as the agent and servant of the defendant in the sale of threshing machines.

The referee has found, as facts, that on or about the 11th day of July, 1885, the plaintiff procured an order from one John Cooke, of Lockport, for an improved Number One Separator, with straw stacker and hoisting windlass complete, together with a traction engine, for which he agreed to pay the sum of $1,715 by his promissory notes, one payable December 1, 1885, another December 1, 1886, another December 1, 1887, and the last payable December 1, 1888. This order, together with a property statement of Cooke,

showing that he was the owner of real estate worth the sum of $4,400, over and above all incumbrances, was forwarded to the defendant, who filled the order by shipping the machinery called for. The referee further found, as facts, that the property statement of Cooke was false; that he was at the time insolvent and that the plaintiff was guilty of negligence in not making proper inquiry into his financial condition. Thereafter Cooke died and the defendant settled with his personal representative, and surrendered up to him the notes given for the property sold, losing thereby the sum of $276. This sum the defendant seeks to have allowed as a counter-claim against any sum that may be found due and owing to the plaintiff, and a judgment for the balance thereof. The referee has found, as a conclusion of law, that the settlement of the defendant with the administrator and the giving up of the notes to him, operated as a waiver and release of the plaintiff from any liability by reason of the transaction. An exception taken to such finding presents the important question for consideration upon this appeal.

The contract under which the plaintiff was engaged to sell threshing machines for the defendant was in writing, and, among other things, provided that: " Orders from purchasers shall be accompanied by a true property statement, and in the absence of such property statement, or if the purchasers are not parties of well-known responsibility and good reputation for honesty and the payment of their debts, at the time the notes are delivered, the second party" (meaning the plaintiff), " for value received, hereby guarantees the payment of said notes at maturity, or at any time thereafter, waiving demand, notice of protest and non-payment, and this shall be sufficient evidence of such guaranty."

As we have seen from the findings of the referee, the property statement procured was not true, and the purchaser Cooke was not of well-known responsibility and of good reputation for honesty and the payment of his debts; and these facts could have been easily ascertained by the plaintiff had he made inquiry in the neighborhood in which Cooke resided. But what is the penalty for his negligence? We find it given in the language of the contract, that he hereby guarantees the payment of the notes at their maturity, and so forth. He consequently, under the express terms of the contract, became a guarantor, and must be treated as such in

determining his liability upon the notes. As such guarantor the defendant had the right to call upon him, at the maturity of the notes. for their payment, and could maintain action against him upon the contract for the amount of such notes. On the payment of the notes by him he would become subrogated to the right of the defendant, and in turn could maintain action and collect the same from Cooke, or his personal representatives, provided sufficient property could be found out of which collection could be made. By the settlement of the defendant with the administrator of Cooke, and the surrender of the notes, the plaintiff was deprived of the right of subrogation, which otherwise would have existed in case he had been compelled to pay them. We are, therefore, of the opinion that the conclusion of the referee was correct, and that the settlement operated as a waiver and release of the plaintiff from liability thereon. (2 Daniels on Negotiable Instruments, § 1310; *Murray* v. *Fox*, 104 N. Y., 382, 388; *The Weir Plow Co.* v. *Walmsley*, 110 Ind., 242.)

The referee further found, as facts, that one Charles O. Hartwell was the general agent of the defendant in Western New York, and that after the written contract had terminated the employment of the plaintiff as agent, he orally authorized the plaintiff to make sales of machines for the defendant, and agreed with the plaintiff that he should have commissions on the sales made by him, but nothing was said as to the amount of such commissions. Thereafter the plaintiff procured a written order from one Joseph Garlock for a separator at the agreed price of $400, and sent the same to the defendant, with a letter, in which he stated that, by direction of Mr. Hartwell, and at his request, he had taken an order for an Advance thresher, and herewith forwarded it. He then stated:

"I trust it will be satisfactory to you. Please advise me if you accept, and I will fill the order, as otherwise the party desires to do something else.

"Respectfully yours,

"J. W. DOTY."

The defendant received the order and this letter at its place of business, in Battle Creek, Mich., and immediately answered back:

"We have yours of the nineteenth, with order for thresher, which is accepted, etc.

(Signed.) "THE CASE & WILLARD THRESHER CO."

The machine was thereupon shipped and delivered to Garlock, who paid cash therefor. The plaintiff testified that his commissions upon such sale were fairly and reasonably worth twenty per cent, or eighty dollars. Two witnesses on behalf of the defendant testified that the fair and reasonable value of his services or commissions for making the sale was but twenty dollars. The referee has found that the plaintiff's commissions upon such sale was eighty dollars. The contract previously existing between the plaintiff and defendant fixed the plaintiff's commissions upon the sale of separators at twenty per cent. The fact that nothing was said as to the amount of commissions by Hartwell, the general agent, at the time the plaintiff was instructed to make sales under the promise that he should have *the* commissions, doubtless led him to understand and suppose that he was to receive *the* commissions that had previously been paid to him under the written contract, and, under the circumstances, we think such must be deemed to be the legal conclusion. (*Vail* v. *Jersey L. F. Mf'g Co.*, 32 Barb., 564; *Wallace* v. *Devlin*, 36 Hun, 276.) But it is claimed that the sale was for $400, and that that was less than the schedule price, and for this reason full commissions are not allowable. The order, however, for the separator at $400 was forwarded to the defendant, accepted by it, and, in so doing, it must have acquiesced in the deviation from the schedule price.

The judgment should be affirmed.

BARKER, P. J.; BRADLEY and DWIGHT, JJ., concurred.

Judgment affirmed.

NOTE.— The balance of the cases of this term which are to be reported, with the list of decisions in those cases decided and not reported, will be found in the next volume.(51 Hun).— [REP.