## ADAMS *v*. FITZPATRICK *et al.*

*(Superior Court of New York City, General Term.* April 15, 1889.)

1. MASTER AND SERVANT—CONTRACT OF HIRING—IMPLIED RENEWAL.

Plaintiff was employed by defendants for a period of 12½ months, but he continued in their service after that time had expired. Nothing was said as to a continuance, but plaintiff was paid at the same rate as before. *Held,* that there was an implied contract of hiring for one year on the terms of the original contract.

2. SAME—WRONGFUL DISCHARGE—OTHER EMPLOYMENT.

Where an employé, after notice that he will be discharged on a certain day, succeeds in finding only a less remunerative employment, which he enters on the day of his discharge, his failure to seek other employment will not defeat his right to recover as for a wrongful discharge.

Appeal from judgment on report of referee.

Action by Charles M. Adams against James G. Fitzpatrick and Thomas C. Fitzpatrick, for damages for a breach of contract of hiring. On October 15, 1885, the defendants engaged the plaintiff as a salesman from that day until November 1, 1886, at the rate of $3,000 per year. The plaintiff entered upon the employment on the day of the engagement, and was paid at the rate of $3,000 a year until the 1st of November, 1886. After that date, nothing being said by either party about the terms of a continuance of the employment, the plaintiff remained with the defendant, receiving pay at the same rate as before. On March 24, 1887, the defendants notified the plaintiff that he would be discharged on the 1st of May following, that his engagement must

then cease, and that his services were thereafter no longer needed. On the latter day the plaintiff left the defendants' employ in compliance with the notice. From the time of this notification of discharge the plaintiff sought diligently for other similar positions, and in the latter part of April obtained one for a period of six months, to begin May 1, 1887, with a salary at the rate of $2,000 per year. The referee held that, plaintiff having continued in defendants' service after the term agreed upon had expired, without any express contract, the agreement for service and for payment therefor was, by implication of law and the acquiescence of the parties, renewed for the period of one year from November 1, 1886, upon the same terms; that the discharge of plaintiff, without cause stated, was a breach of the implied contract; and that plaintiff was entitled to recover the difference between the amount that he would have received from defendants had he continued in their service until the end of the year, and the amount actually earned by him from his discharge to that time. The other exception referred to in the opinion was to holding defendants liable on the failure of plaintiff to show that he sought other employment after he was actually discharged, though he showed that he made diligent search between that time and the day that he was notified that he would be discharged. Judgment was entered for plaintiff for the amount found by the referee, and defendants appeal.

Argued before SEDGWICK, C. J., and TRUAX and DUGRO, JJ.

*Donohue, Newcombe & Cardozo,* (*Stephen C. Baldwin,* of counsel,) for appellants. *Dill, Chandler & Seymour,* (*James B. Dill,* of counsel,) for respondent.

PER CURIAM. The prior employment was at a fixed salary, and, as the services continued beyond the period fixed by the original contract, the presumption is that the salary was at the same rate. *Vail* v. *Manufacturing Co.,* 32 Barb. 567; *Ross* v. *Hardin,* 79 N. Y. 84. On the facts there is no legal presumption that the second contract of service was for the same period of time as the first. In cases where an employment is continued immediately after the performance of a prior contract of service of the same kind for a longer term than one year, the law implies a second employment for a term of one year, unless, of course, there is something in the circumstances of the case which overcomes this implication. *Greer* v. *Telephone Co.,* 50 N. Y. Super. Ct. 517. The appellant at the trial took another exception than that alluded to above, and presented his points. The exception has been examined, and no error is found to have been made by the referee. The judgment should be affirmed, with costs.