(134 App. Div. 406.)

ATKINSON v. HEINE et al.

(Supreme Court, Appellate Division, First Department. November 5, 1909.)

1. ACCORD AND SATISFACTION (§ 20*)—VALIDITY.

Where a salesman, entitled to commissions on all sales made in his territory, received a statement from the employer showing in gross the alleged amount of sales during the year, his drawings, and the balance due, and also received at the same time a check in payment of commis-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sions and all other claims, and he accepted the check and receipted therefor without knowing of a disputed sale in his territory, an accord and satisfaction was not established.

[Ed. Note.—For other cases, see Accord and Satisfaction, Dec. Dig. § 20.*]

**2. MASTER AND SERVANT (§ 70*)—CONTRACTS OF EMPLOYMENT—CONSTRUCTION.**
Defendant, a firm, employed a salesman, to be paid a commission on all sales made in his territory. Another firm of the same name, of which a partner in defendant was a partner, made a sale in the territory under an order given directly to it. The goods were shipped to defendant, who forwarded the same unopened to the buyer, who sent the price to defendant, and it transmitted the same to the other firm. *Held,* that the sale was not within the contract of employment, and the salesman could not recover a commission thereon.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 84; Dec. Dig. § 70.*]

**3. MASTER AND SERVANT (§ 80*)—ACTION FOR COMMISSIONS—BURDEN OF PROOF.**
A salesman, employed to sell goods for a firm on a commission on all sales made in his territory, who claimed a commission on a sale in the territory not made by himself, has the burden of proving that the sale was made by his employer.

. [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 115; Dec. Dig. § 80.*]

**4. MASTER AND SERVANT (§ 30*)—CONTRACT OF EMPLOYMENT—BREACH.**
A traveling salesman, under contract of employment which stipulates that his compensation is conditioned on his due performance of the contract and that he shall give all his time and attention to the business, who becomes, by reason of prolonged intoxication, incapacitated from doing business, and thereby loses at least one customer, violates the contract, and the employer may rescind it.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 35; Dec. Dig. § 30.*]

**5. MASTER AND SERVANT (§ 80*)—CONTRACT OF EMPLOYMENT—BURDEN OF PROOF.**
An employé, claiming, in an action for compensation, that a ground for the employer's rescission of the contract has been excused, has the burden of proving the fact.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 115; Dec. Dig. § 80.*]

**6. MASTER AND SERVANT (§ 75*)—CONTRACT OF EMPLOYMENT—CONSTRUCTION.**
A contract employing a salesman from January 1, 1905, to June 30, 1906, which gives the salesman a drawing account of $300 per month, and which provides that no payment of any balance of commissions shall be paid before 12 months of the term has expired, and no further payment shall be paid until after the expiration of the contract, and that the right to commissions is conditioned on the due performance by him of the conditions of the agreement, and that he shall devote all his time and attention to the business, is an entire contract, and he cannot recover thereunder without showing performance during the entire period of employment.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 96; Dec. Dig. § 75.*]

Appeal from Trial Term, New York County.

Action by William J. Atkinson against Arnold B. Heine and others. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed, and new trial granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, McLAUGHLIN, and SCOTT, JJ.

Charles E. Rushmore, for appellants.
Julius M. Mayer, for respondent.

SCOTT, J. Appeal by defendants from a judgment and order denying new trial. Plaintiff was a traveling salesman for defendants. He sues for unpaid commissions upon four causes of action. The complaint was dismissed by consent as to the first and third, leaving for consideration only the second and fourth.

The second cause of action relates to a claim for commissions alleged to have been earned during the year 1903. For this year his contract provided that he was to be paid 2 per cent. commission on sales made in St. Louis, "whether made by him directly or indirectly." The only dispute upon this count is as to one sale to the firm of Rice, Styx & Co., upon which it was conceded that the commission, if plaintiff was entitled to it, would amount to $264.49. Two defenses are urged as to this cause of action: First, that it was not within the contract; second, that there had been an accord and satisfaction between the parties as to the commissions earned in 1903.

The defense of accord and satisfaction is based upon a statement furnished to defendant at the end of the year, showing the alleged amount of his sales during the year, his drawings, and the balance still due, a check for the amount to his order, and his receipt for the amount "in payment of salary and commissions and all other claims of any nature or kind whatsoever." The statement of sales was in gross, without items, and was made up by defendants' bookkeeper. It does not appear that plaintiff, at the time he received it, knew anything about the disputed sale to Rice, Styx & Co. Therefore he cannot be held to have waived any claim in that behalf by accepting the check and receipting therefor, and the defense of accord and satisfaction was not made out.

The evidence, however, points very strongly to the conclusion that plaintiff was not entitled to the disputed commission. He had nothing to do with the sale, and claims credit for it only upon the ground that it was made to a purchaser in his territory. The defendants constitute the firm of Arnold B. Heine & Co., doing business in this city. At the time the sale in question was made there was a factory in Switzerland owned by a firm known as Arnold B. Heine & Co., a distinct firm, of which the defendant Arnold B. Heine was a partner, but in which the other defendants had no interest whatever. The sale in dispute was made in Switzerland, by an order given direct to the firm there. The goods were boxed and addressed to the St. Louis firm, and shipped to defendants, who forwarded them unopened and in their original packages to Rice, Styx & Co. in St. Louis. Rice, Styx & Co. sent the purchase money to defendants, who transmitted it to the Swiss firm. In the whole transaction the defendants acted merely as forwarding agents and collecting agents for the Swiss firm, and in no proper sense can they in our opinion be considered as having been the sellers.

The court charged the jury that, if they found that the Swiss firm was identical with defendants, the plaintiff was entitled to commissions on the sale, and also charged that, if the sales made in Switzerland were for account of defendants, the plaintiff was entitled to his commissions. As to the first proposition, there was nothing upon which to base a finding that the firms were identical. As to the second proposition, the court had erroneously refused to permit defendants to show that they, as a firm, had no interest in the goods and made no profit on their sale. If the plaintiff had himself made the sale, a different question might have been presented; but as he did not, and claims commissions solely on the theory that the sale, although made in Switzerland by the manufacturers, was in fact a sale by defendants, the burden was on him to establish that fact, which he failed to do.

The fourth count relates to commissions claimed to have been earned during 1905 and 1906. The contract for these years was made in November, 1904, and covered the period from January 1, 1905, to June 30, 1906. The plaintiff was given a drawing account of $3,600 per annum, payable in installments of $300 per month. The contract provided that:

"No payment of any balance of commissions earned by him during the time of this contract shall be paid to him before 12 months of the term of the contract has expired [on January 1, 1906], and no further payment after that shall be made until after the expiration of the contract [June 30, 1906]."

The plaintiff drew his $300 per month regularly, and on January 1, 1906, there was due him $275.30. He did not draw this, or seek to do so, but continued to draw his $300 per month. Plaintiff's employment and right to commissions was conditioned upon "the due performance by the party of the second part of all the terms and conditions of this agreement," one of which was "that he should give and devote all his time, skill, and attention to the business" of the defendants. In February or March, 1906, the plaintiff had been on a rather severe spree in this city, which nearly led to a rupture of his relations with defendants. He was, however, sent out upon his trip, and in April called upon a firm in Minneapolis, to whom he sold some goods. Before he had completed the sale, he was called away on business to another city, and left, promising Hufford, the Minneapolis buyer, that he would return in two or three weeks and continue the sale. Instead of returning, he went to St. Paul and entered on a prolonged spree, utterly neglecting his business. Hufford made three trips to St. Paul in the effort to find him, and, being unable to do so, bought his goods elsewhere. On or about May 23d plaintiff was discharged.

The court cast upon defendants the burden of justifying plaintiff's discharge on this state of facts, and refused to charge that his prolonged incapacity arising from intoxication justified a discharge. This was error. Prolonged intoxication, which incapacitated plaintiff and lost at least one customer, was a violation of the contract, and a sufficient ground for its rescission by defendant (Huntingdon v. Claflin, 38 N. Y. 182); and, if the intoxication had been excused, the burden rested upon plaintiff to explain and excuse it. The court refused to charge the following requests:

"The contract between the plaintiff and the defendants, covering the years 1905 and 1906, was an entire contract, and the plaintiff cannot recover thereunder against these defendants, without showing performance of the contract on his part to its very end. The defendants were entitled to the services of the plaintiff until the very 30th of June, 1906, and if the plaintiff committed a breach of the contract on his part prior to that time, by getting intoxicated and neglecting his business, he did not perform the contract according to its terms, but, on the contrary, committed a breach thereof.

"If the plaintiff on his part, by reason of his personal misconduct, as testified to by him, consisting in his getting intoxicated, and becoming incapable of attending to his business, and neglecting his business while in St. Paul, Minn., on and prior to the 23d of May, 1906, the mere fact that his contract would expire by its terms on the 30th of June following that date cannot excuse him, and he cannot recover on that contract against these defendants, and the jury must find a verdict in favor of the defendants accordingly."

These requests correctly stated the law applicable to the facts established by the evidence, and the jury should have been charged accordingly.

Judgment and order reversed, and a new trial granted, with costs to appellants to abide the event. All concur.