## GOODWINE v. AYRES.

[No. 11,040. Filed June 20, 1922.]

1. ACCORD AND SATISFACTION.— *Burden of Proof.*— Where a party relies upon the defense of accord and satisfaction he has the burden of proving by a preponderance of the evidence not only that the alleged agreement and payment were made, but also that the item or items of indebtedness in suit were included in the alleged accord and satisfaction, so that an instruction directing a verdict for defendant on a finding that a check marked "in full" was given by defendant and accepted by plaintiff, regardless of whether the particular items of indebtedness in suit were included in the accord and satisfaction alleged, was erroneous. p. 398.

2. TRIAL.—*Directory Instructions.—Omission of Essential Fact. —Cure by Other Instructions.*—Where an instruction directs a verdict in favor of one of the parties if certain facts are found to exist, and fails to require a finding of a fact essential to a verdict for that party, the error cannot be rendered harmless by giving explanatory instructions, or others which state the law correctly. p. 399.

3. APPEAL.—*Presenting Questions for Review.—Erroneous Directory Instructions. — Request for Correct Instructions.* — Where an instruction directs a verdict in favor of one of the parties on a finding of facts therein stated, but which erroneously fails to require a finding of a fact essential to such a verdict, the other party can avail himself of the error, though he did not tender a correct or more complete instruction. p. 399.

4. ACCORD AND SATISFACTION.—*Reply of General Denial.—Proof of Items Sued on not Included in Accord.*—As an answer of accord and satisfaction must, to constitute a defense, contain an express or implied averment that the items of indebtedness involved in the suit were included in the agreement, plaintiff may, under a reply of general denial to such a plea, prove that the items sued upon were not embraced in the settlement. p. 400.

5. PLEADING.—*Reply of General Denial.—Evidence Admissible.* —A plaintiff is not confined under a reply of general denial to negative proof in denial of the facts stated in the answer, but may introduce proof of facts independent of those alleged in the answer which are inconsistent therewith and tend to meet and break down the defense. p. 401.

From Warren Circuit Court; *Burton B. Berry,* Judge.

Action by Dora B. Goodwine against George W. Ayres. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Victor H. Ringer* and *Harley D. Billings,* for appellant.

*Cecil E. Haupt, Carl A. Mehaffey* and *Edwin F. McCabe,* for appellee.

BATMAN, C. J.—Appellant filed a complaint against appellee in three paragraphs. By the first she seeks to recover damages for an alleged breach of contract, and by the second and third she seeks to recover the value

of certain personal property belonging to her, which she alleged appellee converted to his own use. The answer consists of five paragraphs, the first being a general denial, the second and third being pleas of accord and satisfaction, and the fourth and fifth being pleas of payment. Appellant's reply to all paragraphs of answer, except the first, is a general denial. The cause was submitted to a jury for trial resulting in a verdict and judgment in favor of appellee. Appellant filed a motion for a new trial, which was overruled, and this action of the court constitutes the only error assigned on appeal.

Appellant contends that the court erred in giving instructions numbered 1 and 10. Instruction No. 1 is as follows: "In the second paragraph of the defendant's answer it is alleged that the plaintiff and defendant met for the purpose of determining the amount due and owing by defendant to the plaintiff and that the defendant gave and the plaintiff accepted a check for $530.36 marked, 'In Full,' and that the plaintiff thereafter cashed and obtained the money upon said check and still retains the same. To this answer the plaintiff files a verified general denial and this constitutes an issue for your determination. If you find that the defendant did give to the plaintiff under the circumstances alleged a check marked, 'In Full,' and that the plaintiff accepted the same and obtained the money upon it and still retains the same, then your verdict must be for the defendant."

Instruction No. 10 applies to both paragraphs of answer based on accord and satisfaction, and while differing somewhat in the language used, is of the same

1. general import as instruction No. 1. Where a party relies upon the defense of accord and satisfaction he must establish by a preponderance of the evidence, not only that the alleged agreement and payment

were made, but he must also establish in like manner such a meeting of the minds as will show that the item or items of indebtedness in suit were included in the alleged accord and satisfaction. Whether or not this burden is sustained is ordinarily a question of fact for the determination of the jury called to try the cause. *Frick* v. *Algeier* (1882), 87 Ind. 255; *Held* v. *Keller* (1916), 135 Minn. 192, 160 N. W. 487; *Dieck* v. *Oconto Co.* (1921), 173 Wis. 156, 180 N. W. 932; *Frame* v. *Cassell* (1919), 187 Iowa 1194, 175 N. W. 521; *Atkinson* v. *Heine* (1909), 134 App. Div. 406, 119 N. Y. Supp. 122; *Gentry* v. *Fife* (1916), 56 Okla. 1, 155 Pac. 246; *Matheney* v. *City of El Dorado* (1910), 82 Kans. 720, 109 Pac. 166; *Scully* v. *Delamater* (1886), (C. C.) 28 Fed. 114; *Barrett* v. *Kern* (1909), 141 Mo. App. 5, 121 S. W. 774; *Early-Foster Co.* v. *W. F. Klump & Co.* (1921), (Tex. Civ. App.) 229 S. W. 1015; *Castelli* v. *Jereissati* (1910), 80 N. J. Law 295, 78 Atl. 227; *Fuller* v. *Smith* (1910), 107 Me. 161, 77 Atl. 706; *Smith* v. *Cherokee, etc., Co.* (1919), 24 Ga. App. 277, 100 S. E. 719; *LeDoux* v. *Seattle, etc., Co.* (1921), 114 Wash. 632, 195 Pac. 1006; *Barry* v. *Caplin* (1920), 73 Pa. Superior Ct. 487; *Worcester, etc., Co.* v. *Henry Woods' Sons Co.* (1911), 209 Mass. 105, 95 N. E. 392. Applying this well-established rule to the instant case, we are compelled to hold that the court erred in giving said instruction No. 1, as it informed the jury, in effect, that, under the facts stated, it should return a verdict for appellee, regardless of what its finding might be as to whether the particular items of indebtedness in suit were included in the accord and satisfaction alleged.

Appellee, in an effort to avoid the effect of the conclusion we have reached, contends that in determining whether the court committed reversible error in

2, 3. giving said instruction No. 1, instructions Nos. 11 and 12 should be read and considered in connection

therewith; and that when this is done said latter instructions so far explain the former, that the three taken together contain a correct statement of the law. We recognize the rule upon which appellee relies, but it has no application where an instruction directs a verdict in favor of one of the parties, if certain facts are found to exist, as is true of the instruction under consideration. Where such an instruction is given, and an essential fact is omitted, an error is committed which cannot be rendered harmless by giving explanatory instructions, or others that state the law correctly. *Union Traction Co.* v. *Elmore* (1917), 66 Ind. App. 95, 116 N. E. 837, and cases there cited. Nor does the giving of such an instruction require that the party harmed thereby tender a correct or more complete instruction in order to avail himself of the error committed, as appellee suggests.

Appellee, in further support of his contention that the court did not err in giving said instruction No. 1, asserts that it was a correct instruction under the issues, since appellant did not file a reply, confessing and avoiding his answers of accord and satisfaction, but only controverted the same by a general denial. He contends that the undisputed evidence shows that appellant accepted from appellee a check marked "In Full," and, in the absence of an affirmative reply, alleging facts which would avoid the effect of her act in so doing, she is bound thereby, and hence the instruction in question was a proper one under the issues. This contention cannot be sustained. In order for appellee's answers of accord and satisfaction to constitute a defense, it was necessary that they contain an express or implied averment, that the items of indebtedness in suit were included in the new agreement involved in such defense. Therefore, under a reply in

general denial, it was competent to show that the contrary was true, which, if proved, would defeat such defense.

Moreover, it is well settled that a plaintiff under a reply of general denial is not confined to negative proof in denial of the facts stated in the answer, but 5. may introduce proof of facts independent of those alleged in the answer, which are inconsistent therewith, and tend to meet and break down his defense. *Balue* v. *Sear* (1891), 131 Ind. 301, 28 N. E. 707.

For the reasons stated, the court erred in giving said instructions Nos. 1 and 10.   Errors involving the evidence are not considered, as it may be different in some essential particular on another trial.   The judgment is reversed with instructions to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.