## COLE v. TAYLOR.

1. A receipt is never conclusive, but can always be explained by parol, and fraud or mistake shown and corrected.

2. It is not assignable for error, that the court omitted or neglected to charge on a particular point of law in question in the cause, if no charge was requested on that point.

3. A jury may infer fraud from the circumstances attending a transaction, without any direct or positive proof; and when a jury infer fraud against the weight of evidence, or from insufficient evidence, the remedy is by motion for new trial, and not by writ of error.

This cause came into this court by writ of error to the Camden county Circuit Court. It was an action of assumpsit, commenced in the court below by Taylor against Cole, for the recovery of a sum alleged to be due for work and labor done. The plaintiff having proved, and offered in evidence his books of account, the defendant gave in evidence a receipt, in the following words: "Rec'd, Nov. 17th, 1840, of Isaac Cole, his due bill for fifty dollars in full of all debts dues and demands whatever for work, and all other accounts on book, &c., to this date, except my note of hand given him for one hundred dollars.

his<br>
JOEL † TAYLOR."<br>
mark.

"I certify this to be Joel Taylor's mark.

$50.00.　　　　　　　　　　　*Jacob W. Sharp.*"

The plaintiff's account commenced in 1829, and continued till 1845, with an interval of three years during that period. Upon the face of the plaintiff's books, it appeared that the balance due him at the date of the receipt exceeded six hundred dollars. The jury rendered a verdict for the plaintiff, including his account prior to the date of the receipt. The defendant excepted to the charge of the judge.

Argued before the CHIEF JUSTICE and CARPENTER, Justice. *Jeffers*, for plaintiff in error, *Browning*, for defendant.

The CHIEF JUSTICE delivered the opinion of the court.

The first ground of exception to the charge of the judge is, that the jury ought to have been charged that the receipt for

fifty dollars was proved by Sharp, the subscribing witness, to be *an agreement* by Taylor to accept the sum of fifty dollars in full of all accounts and demands, and that, as *an agreement*, it was conclusive.

It was properly admitted by counsel, upon the argument, that a mere receipt is never conclusive, but is always open to explanation. But it was insisted that the receipt, in connection with the evidence of the subscribing witness, showed an agreement, independent of the mere receipt, to accept the fifty dollars in full of all demands; and that such agreement is conclusive and cannot be contradicted. But it is obvious that the instrument, upon its face, is a mere receipt. It contains no contract or agreement to do, or to abstain from doing, any act independent of the receipt. And if there were such contract, it is not perceived how the case would be thereby altered; for although the agreement would be binding, the receipt would still remain open to explanation or contradiction. *Greenleaf's Ev.* § 305. ·

The evidence of Sharp, the subscribing witness, proves no more than appears upon the face of the receipt. The one or the other may be *persuasive evidence* of the settlement of the whole account prior to that time; but certainly neither the one or the other, nor both conjoined, are *conclusive evidence* of that fact. There was no error in the judge's refusal to charge upon this point, as requested by the plaintiff in error.

The second ground of exception is, that the jury ought to have been charged that there was not any evidence of fraud. It is clearly the duty of the court, when required, to declare the law upon any and every point fairly involved in the consideration of a cause, and its refusal is a ground of error. *Broadwell* v. *Nixon,* 1 *South.* 362; *Mills* v. *Sleght,* 2 *South.* 565; *Todd* v. *Collins,* 1 *Halst.* 127; *Marshall* v. *Hann,* 2 *Harr.* 425.

· But when no instructions are requested by either party, the charge to the jury, and the particular points to which the charge shall be directed, rest in the sound discretion of the court. The omission to state any legal principle which may be pertinent or applicable to the case, or the omission to give

any charge whatever, when no charge is requested, affords in itself no ground for a new trial, much less for reversal upon writ of error. *Folly* v. *Vantuyl*, 4 *Halst.* 153 ; *Calbreath* v. *Gracy*, 1 *Wash. C. C. R.* 198 ; *Pennock* v. *Dialogue*, 2 *Peters* 15.

Nor would there have been error in the judge's refusal to charge that there was no evidence of fraud, even had he been requested so to do. It was in evidence that the plaintiff below could neither read nor write ; that his accounts were kept by others ; that the settlement was made by himself alone with the defendant ; that there was a large balance apparent on the face of his books, at the date of the receipt, far exceeding the sum received ; that the defendant denied owing the plaintiff any thing, but offered to make him a present of fifty dollars, and no book, voucher, or other evidence of payment whatever, other than the receipt, were offered in evidence by the defendant. These circumstances may afford very slight evidence of fraud or imposition in procuring the receipt ; the weight of the testimony may have been very decidedly the other way ; and the finding of the jury against the weight of the evidence may have afforded a very proper ground of relief on motion for a new trial. But it was not the duty of the court to usurp the province of the jury, nor to withdraw the facts from their consideration.

The judgment must be affirmed.

CITED *in Allen* v. *Wanamaker*, 2 *Vr.* 371.