HENRY C. WALN, PLAINTIFF IN ERROR, v. GEORGE WALN, DEFENDANT IN ERROR.

Our statute concerning evidence (*Gen. Stat.*, p. 1413, § 72), permitting the consideration to be controverted in actions on sealed instruments, does not apply to a release.

On error to the Supreme Court.

For the plaintiff in error, *Gilbert & Atkinson*.

For the defendant in error, *Howard Carrow*.

The opinion of the court was delivered by

VAN SYCKEL, J.    This suit was brought by Henry C. Waln against George Waln upon an acknowledgment of indebtedness, in writing, of which the following is a copy:

" Rec'd, Walnford, N. J., April 1st, 1873, from Sarah W. Hendrickson, ten thousand five hundred and seventy dollars, payable with interest.

  " $10,570.                            GEO. WALN."

This instrument was assigned by Sarah W. Hendrickson, under her hand and seal, on the 6th day of February, 1888, to the plaintiff.

The defence is a release under the hand and a scroll seal of Sarah W. Hendrickson, executed and delivered by her to George Waln, the defendant, in the State of Pennsylvania, on the 14th day of April, 1875.

The question whether Sarah W. Hendrickson made a gift of the money mentioned in said writing to George Waln was submitted by the trial court to the jury, with proper instructions.

The only alleged errors which it is deemed necessary to consider are:

*First.* Whether there was error in refusing to charge the jury that a sealed release without sufficient consideration was void.

*Second.* Whether there is error in the refusal to charge " that endorsements of payments on the writing dated April 1st, 1873, bearing date after the date of the release, are very strong evidence of the truth thereof, and are evidence of the same nature as books of account."

Our statute concerning evidence (*Gen. Stat., p.* 1413, § 72), permitting the consideration to be controverted in actions on sealed instruments, does not apply to a release. *Waln* v. *Waln,* 24 *Vroom* 429.

That case further holds that a release executed in Pennsylvania, with a scroll seal, will be regarded here as a simple contract, in the absence of evidence to show that the common law upon that subject does not prevail in Pennsylvania.

In the case before us, it was proven that a scroll is sufficient as a seal by the law of Pennsylvania. The release being under seal the consideration could not be questioned, and

there was no error in the refusal to charge the first request. *Aller* v. *Aller*, 11 *Vroom* 446 ; *Braden* v. *Ward*, 13 *Id.* 519 ; *Waln* v. *Waln*, 24 *Id.* 429.

The second request to charge is equally without merit.

Books of account are not evidence of payment of money. The request to charge that the endorsed payments after the release were evidence of the same nature as books of account, was a request in legal effect to charge that such endorsements had no probative force whatever in favor of the plaintiff's claim.    The refusal to charge such a proposition could have done no injury to the plaintiff.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE, VAN SYCKEL, BARKALOW, BOGERT, NIXON.    12.

*For reversal*—None.