THE STATE, DAVID K. JOSLIN AND HENRIETTA S. JOSLIN, HIS WIFE, PROSECUTORS, v. ROBERT W. GIESE ET AL., PARTNERS, &c.

1. A written receipt for the payment of a previous indebtedness is not such a written contract that it cannot be contradicted, varied or explained by parol evidence.

2. In a trial before a court without a jury, the question whether a promissory note was accepted in payment of the original indebtedness, if there was any evidence, as shown by the facts certified, which would lead the court below to a conclusion upon the application of proper principles of law that the note was not so accepted in payment, upon *certiorari* this court will not review such finding.

3. Where it is not agreed or understood between the parties otherwise, the acceptance of a promissory note is not payment of the original indebtedness; it is only an extension of credit, and if the note be not paid at maturity it does not operate to discharge the indebtedness.

---

On *certiorari*.

Argued at February Term, 1896, before Justices LIPPIN-
COTT and LUDLOW.

For the prosecutors, *Herbert A. Drake.*

For the defendants, *Samuel H. Richards.*

The opinion of the court was delivered by

LIPPINCOTT, J. The matter in review upon this writ of
*certiorari* is the legal correctness of a judgment of the Court of
Common Pleas of the county of Camden against the prose-
cutors, on appeal from the District Court of the city of Cam-
den. The judgment of the District Court was for the sum
of $1.25 damages and costs of action in favor of the plaintiffs
against the defendants. From this judgment in the District
Court an appeal was taken to the Court of Common Pleas, in
which court, on a trial *de novo* on appeal, the judgment in
the District Court was reversed, and judgment rendered in
the Common Pleas for the sum of $167.35 debt or damage,
besides the costs of the appeal.

The action in the District Court, and on appeal in the
Common Pleas, was founded on a claim of the plaintiff below
against the prosecutors, defendants below, for combination
gas and electric light fixtures for a house of Henrietta D.
Joslin, one of the defendants, according to an agreement, for
the sum of $205, and to this amount was added one lighter,
$1, and gas burner, twenty-five cents, making in all $206.25.
There was no complaint against the correctness of the claim,
or that the defendants were not originally liable for it. The
dispute arises wholly upon the question whether payment has
been made.

The facts as certified under this writ show that on Decem-
ber 1st, 1893, the defendants contracted with the plaintiffs to
manufacture and erect the combination fixtures for the sum
of $205; that these fixtures were delivered on December
21st, 1893, and that on the 5th day of January, 1894, the
other merchandise, amounting to $1.25, was furnished the de-

fendants, and that no dispute has arisen over the claim whatever. Upon this contract the sum of $55 was paid by defendants, leaving a balance of $156.25 remaining due. The defence is that at the time the contract was made, David K. Joslin, one of the defendants, offered the plaintiffs, in part payment, a promissory note for $150, made by one Shearer, to the order of one Hunsinger, and by him endorsed. The plaintiffs requested Joslin to endorse this note, which request was refused, but Joslin stated that the note was good, that he knew that Hunsinger was all right, and that if the parties to the note did not pay it at maturity, he would—that he would make it good. Upon the strength of this stipulation of Joslin, the note was accepted. It was not paid at maturity, and the parties to the note before its maturity became insolvent and unable to pay it. When the note was accepted on December 29th, 1893, the sum of $55 was paid in cash, and at that time, which was after the acceptance of the note, the plaintiff gave to the defendants the following bill and receipt:

"PHILADELPHIA, Dec. 21, 1893.

"*Mrs. D. K. Joslin, Linden St., to R. W. Giese & Co., Dr.*

"Rear 115 North Second street—

| | | |
|---|---:|---:|
| "Gas and electric light fixtures for above address as per contract...................................... | $205 | 00 |
| "Rec'd on account note of J. Shearer endorsed by E. Hunsinger........................................ | 150 | 00 |
| | $55 | 00 |

"Rec'd payment Dec. 29, 1893.

"R. W. GIESE & Co."

After the promissory note was protested, R. W. Giese notified Joslin of the fact, and demanded payment of his bill, or else to take up the note, but this Joslin refused to do. The fixtures were furnished for a house owned by Mrs. Joslin, for whom her husband acted as agent.

Under these circumstances the Court of Common Pleas, in-

a trial before it *de novo,* on appeal, without a jury, found that the acceptance of the promissory note was not a payment of the original indebtedness. The finding of the Court of Common Pleas as to facts must be taken as conclusive upon *certiorari,* and if the facts, upon the application of proper principles of law, are such that the judgment can be supported, it must be affirmed. It certainly was for the court to draw the conclusion whether payment between the parties was intended by the delivery and acceptance of this promissory note, and I do not perceive upon what principle of law the finding can be disturbed.

The argument is presented by the prosecutors that the receipt given as above stated is conclusive. But it will be noticed that the receipt is not of payment, but of a promissory note " on account," and for the balance in cash. Even if the receipt was absolute on its face, still a mere receipt is not a written contract in the sense that it cannot be varied by parol evidence. A receipt is not conclusive evidence of payment, but is open to explanation or contradiction by oral evidence. *Snyder* v. *Findley, Coxe* 48; *Cole* v. *Taylor,* 2 *Zab.* 59; *Crane* v. *Alling,* 3 *Gr.* 423; *Wildrick* v. *Swain,* 7 *Stew. Eq.* 167, 171; *Dorman* v. *Wilson,* 10 *Vroom* 474. There was no error in the trial court in permitting evidence to explain the receipt or considering the facts of the case with that view.

There are authorities which adopt the view that the acceptance of a note of a third party is presumptive evidence that it was taken in payment of the original indebtedness, but that no such presumption arises where the note is that of the debtor only; still the whole transaction is open to evidence, and the conclusion to be reached depends whether, in the opinion of the court or jury, it was the intention of the parties that the acceptance of the note should be considered as payment. *Story Prom. N.,* §§ 104, 404; *Byles Bills* 381. The rule, I think, properly stated, is that it not being agreed or understood otherwise, the acceptance of the note is presumed by law to be a conditional payment only; that is, if the note

be paid at maturity. *Ibid.* The giving of the note was not payment. *Fry* v. *Patterson*, 20 *Vroom* 612. Upon the facts the Court of Common Pleas found, as matter of law, that the acceptance of this note was not intended between the parties as payment of the original indebtedness. There appears to be evidence which would justify this conclusion.

The judgment must be affirmed.