CHARLES G. CONN, PLAINTIFF AND APPELLEE, v. REED, DAWSON & COMPANY, DEFENDANTS AND APPELLANTS.

Argued June 6, 1905—Decided November 13, 1905.

As between consignee and consignor, the loss of goods by a common carrier falls upon the consignor when the carrier was selected by him in the performance of his agreement to make a delivery to the consignee.

---

On appeal from the District Court of Newark.

The case settled by the judge of the District Court is as follows:

"The suit was brought to recover the amount due on a book account for goods sold and delivered by plaintiff to defendants. The trial was had before the court without a jury and resulted in a judgment for the plaintiff for $160.60.

"I find the facts of the case as follows:

"Plaintiff, a manufacturer of musical instruments at Elk-

hart, Indiana, agreed with defendants, retailers, of the city of Newark in this state, to consign to them on sale certain goods, the same to be paid for when sold by defendants and the latter to have the right to return at their expense any goods which they might not sell and to have credit for the same. In pursuance of that agreement plaintiff shipped to defendants several consignments of goods, and payments were made and goods returned on account from time to time. After thus dealing for something over one year, the account was closed at request of the plaintiff, and defendants agreed to settle the account by the payment of cash and return of goods then remaining in their hands. Defendants packed and shipped all the said goods remaining, but when the packages were delivered to the plaintiff it was discovered that certain instruments were missing. The price at which the missing instruments were bought by defendants was sixty-one sixty-hundredths dollars ($61.$^{60}$/$_{100}$); and it is only this item of plaintiff's claim which the defendants dispute.

"The amount charged to defendants before it was agreed that the account should be closed was one hundred and ninety-nine dollars ($199.$^{00}$/$_{100}$). The price charged for the goods received by plaintiff in return was thirty-eight forty-hundredths dollars ($38.$^{40}$/$_{100}$), and defendants admitted that they owed plaintiff $99 for instruments sold by them.

"I find that the goods about which the dispute arises were packed and shipped by defendants but were not received by the plaintiff. The correspondence between the parties, which was admitted in evidence, shows that defendants were to pay all charges of transportation; that the goods consigned by plaintiff to defendants from time to time were shipped by express; that when the account was closed plaintiff requested defendants to return the goods by express, and that defendants refused to return goods by express unless plaintiff should pay the charges, and that defendants shipped the goods by freight over the Pennsylvania railroad. There is no evidence before the court that plaintiff consented to this means of returning the goods, nor is there evidence that he

objected to the same after defendants' first refusal to return the goods by express.

"All of which is respectfully submitted this 10th day of March, 1905.

"THOMAS J. LINTOTT, *Judge.*"

Before Justices GARRISON and GARRETSON.

For the appellants, *Michael T. Barrett.*

For the appellee, *Horton & Tilt.*

The opinion of the court was delivered by

GARRISON, J.  Upon the case stated by the District Court its judgment should be affirmed.  The parties while holding the relation of principal and agent with respect to the title to the goods dealt at arms' length in reference to the agreement between themselves regarding the manner in which the settlement should be made and the unsold goods returned. Part of this agreement was that the defendants should return such goods and bear the expense of such return.  If the parties had agreed as to the method of making such return and the goods had then been lost *in transitu,* a different question might arise, but here the defendants for their own pecuniary benefit, and without the concurrence of the plaintiff, selected the mode of carriage they desired and which the plaintiff did not desire; hence the District Court properly held that the loss must fall upon the defendants, whose duty it was under the contract to return the goods to the plaintiff if they would be credited with their value.

For this purpose the railroad company was in no sense the agent of the plaintiff to accept delivery, but, on the contrary, was clearly the agency selected by the defendants to make delivery.

The judgment of the Second District Court of Newark is affirmed.