NEARCO CASTELLI, PLAINTIFF IN ERROR, v. RASHEED M. JEREISSATI, DEFENDANT IN ERROR.

Submitted July 11, 1910—Decided November 14, 1910.

1. C., who had in his possession goods belonging to J., shipped them by express to the owner. By the terms of the contract made by C. with the carrier the liability of the latter, in case of the loss of the goods during transit, was limited to less than one-twelfth of their value. The goods were so lost. *Held*, that J. was entitled to recover from C. the value of the goods.
2. Where a claim is unliquidated, or in dispute, a payment and acceptance of a less sum than that claimed, in satisfaction, will, ordinarily, operate as an accord and satisfaction; but the receiving of a part of a debt which is due, under an agreement that the same shall be in full satisfaction, is generally considered to be no bar to an action for the residue.

On error to Atlantic Circuit Court.

For the plaintiff in error, *Merritt Lane.*

For the defendant in error, *Robert H. Ingersoll.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was tried upon a stipulation as to facts, and resulted in the direction of a verdict for the defendant. The following are the material facts agreed upon: Both parties are dealers in oriental rugs, the plaintiff being a wholesaler in New York, and the defendant a retailer in Baltimore and Atlantic City. The plaintiff, in December, 1906, and in January, 1907, shipped certain valuable rugs, on memorandum, to the defendant at Baltimore by the Adams Express Company. By the terms of the memorandum the title to the rugs was to remain in the plaintiff, and the defendant was to be responsible for them while they were in his possession, and was to keep them insured against fire. Some of these rugs were sold by the defendant and accounted for by him to the plaintiff. In the

latter part of January, 1906, the defendant shipped back six of the unsold rugs, worth $621.30, to the plaintiff in New York. · The return shipment was made by the Adams Express Company, and upon the delivery of the rugs to it by the defendant that company gave him a bill of lading for them, which the latter accepted. The value of the rugs was not asked for by the company, and the defendant "instead of filling out the bill of lading with a value upon them left that value blank." There was a provision in the bill of lading limiting the amount of the company's liability to $50, in case of loss of the goods shipped, unless their value was stated. The rugs were lost in transit; the company paid the $50 contracted for by its bill of lading; and the plaintiff demanded of the defendant payment for their value, less the $50 so paid. In reply to this demand the defendant notified the plaintiff of the shipment of the rugs from Baltimore, to which the plaintiff replied, stating that the rugs had not been received by him, and repeating his demand for payment. Some weeks after this latter demand was made defendant delivered to the plaintiff his check upon the Second National Bank of Atlantic City, for $162, on the face of which was written the words "In full settlement to date." This check was endorsed by the plaintiff and paid to his account by the bank.

Upon the facts stated we are of opinion that the defendant was answerable to the plaintiff for the loss of the rugs. The carrier by whom he undertook to return the rugs to the plaintiff was not selected by agreement between the parties, but by the defendant. The fact that the original shipment by the plaintiff was through the Adams Express Company is immaterial, for it did not impose upon the defendant the duty of returning the goods by the same agency, or at all limit him in the selection of the carrier through whom the return shipment should be made. The delivery of the rugs by him to the carrier, under which he, without any authority from the plaintiff, accepted a limited liability on the part of the carrier in case of loss, did not constitute a delivery to the plaintiff. In employing the Adams Express Company as

a carrier and making this contract with it for carriage, the defendant was not acting as a representative of the plaintiff, but in his own behalf; and the express company became his agent, not that of the plaintiff. *Benj. Sales,* § 926, and note; *Clarke* v. *Hutchins,* 14 *East* 475; *Conn* v. *Reed, Dawson & Co.,* 44 *Vroom* 112. The possession of the rugs remaining in the defendant after the delivery to the express company, he continued to be responsible to the plaintiff for them, by the express terms of the memorandum agreement under which he received them.

It is suggested, but not argued, in the brief for the defendant in error that the receipt by the plaintiff of the check for $162 with the words "In full settlement to date" written upon its face was a satisfaction of all claims which the plaintiff then had against the defendant.

It is generally considered that where a claim is unliquidated, or in dispute, payment and acceptance of a less sum than that claimed, in satisfaction, operates as an accord and satisfaction (1 *Cyc.* 329, and cases cited); and, presumably it was this principle that counsel had in mind in making his suggestion. But it is also considered that the receiving of a part of a debt which is due, under an agreement that the same shall be in full satisfaction, is no bar to an action to recover the residue. *Idem.* Looking at the agreed state of facts we find nothing therein from which it appears that at the time when the check was given there was any denial of liability on the part of the defendant; and apparently the amount of the plaintiff's claim has never been in dispute. Assuming, then, that the check was given and accepted on account of the present claim, it would seem that it constitutes no bar to the plaintiff's action, but merely entitles the defendant to a credit for the amount paid. Without determining that question, however, we think that the direction of a verdict cannot be justified upon the ground suggested by counsel, and for the following reason: The lost rugs were only a part of the shipments made by the plaintiff to the defendant, and did not constitute all of the transactions between them. For anything that appears to the contrary the check may have

been given "in full settlement to date" for other rugs consigned by plaintiff to the defendant and sold by the latter. The quoted words are themselves uncertain in their meaning. They may import a settlement of all claims and demands which the plaintiff then had against the defendant; or only a settlement of some specific claim, other than that for the lost rugs, and the amount of which was in dispute; or a settlement of the claim for the lost rugs alone. Just what effect they were intended to · have was a fact to be decided by the jury, and its determination by the court (if it was so determined) cannot be supported.

The judgment under review must be reversed.

*For affirmance*—None.

· *For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, DILL, CONGDON, JJ.   13.