# JOS. I. RODRIQUE vs. WID. BARTHELMY, ET ALS.

## Syllabus.

1. A proceeding is not revocatory in character which does not seek to annul but merely to restrict the legal effect of the acts complained of.

2. A sale and re-sale between a debtor and his creditor, intended merely as a security for the debt is in legal effect a conventional mortgage and does not give rise to the vendor's privilege.

3. Where a creditor partly on open account, and partly on a mortgage note, receives from his debtor a new mortgage note for the aggregate indebtedness and cancels of record the old note and its security, the latter will be held to be novated in the absence of proof of a contrary intention.

4. The claim of the widow in necessitous circumstances under R. C. C., 3252, rests at the date of the husband's death and her rights must be tested with reference to conditions then existing.

Appeal from the 28th, Judicial District Court, Parish of St. John the Baptist, No. 287. Hon. P. E. Edrington, Judge.

James Legendre, for plaintiff and appellee.

Clifford E. Hays, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court as follows:

The property of the late Octave Barthelmy, who died in August, 1910, was seized and sold by the plaintiff under executory process, founded upon a note of $992.24, executed by Barthelmy on January 11th, 1910, and purporting to be secured by vendor's privilege and mortgage upon the property seized.

In March, 1911, the widow of Barthelmy and his minor child, of whom she is tutrix, intervened by third opposition claiming the $1000, allowed the widow or minor heir in necessitous circumstances under R. C. C., 3252, and praying to be paid out of the proceeds of the sale, which amounted to $340.47, by priority over plaintiff, on the ground that the latter's note is not in fact secured by a vendor's lien but merely by a conventional mortgage inferior in rank to the privilege of intervenors.

## I.

The object of the intervention is not to annul the transaction of January 11th, 1911, upon which plaintiff's alleged vendor's privilege is based, but to regulate its effect, that is, to restrict its legal import to that of a conventional mortgage. The action consequently is not revocatory in character, and plaintiff's plea of prescription of one year cannot be sustained.

Gogreve vs. Dehon, 41 An., 244.

For the same reason there is no merit in the plea of no cause of action, which is predicated upon the false assumption that intervenors are attacking the validity of the acts upon which the judicial sale is founded and at the same time are demanding payment out of the proceeds of said sale.

## II.

Rodrique was a creditor of Barthelmy on open account and was likewise the holder of the latter's note of $516.00 purporting to be secured by vendor's privilege upon the property, the whole indebtedness aggregating $992.24. For the purpose of liquidating and merging the two debts, the parties entered into the transaction of January 11th, 1910, which consists of a purported sale of the prop-

erty for cash by Barthelmy to his creditor Rodrique, and a purported re-sale for credit on the same day by Rodrique to Barthelmy, who executed and delivered the note in question for an alleged price of $992.24, a sum corresponding to the indebtedness existing between them.

Barthelmy continued uninterruptedly in the possession of the property, and Rodrique, as a witness on his own behalf, admits that the object of the transaction of January 11th, 1910, was merely to secure the payment of his debt; that it was not the intention of either party to purchase or to sell the property; and that he adopted the expedient of a sale and re-sale simply because he was informed that it would afford him the better security.

Upon these facts there can be no doubt that plaintiff's note is secured by conventional mortgage and not by a vendor's privilege, and that consequently it is inferior in rank to that of intervenors who claim under R. C. C., 3252.

> Crozier vs. Ragan, 38 A., 154; Carroll vs. Magee, 120 L., 626; Terry vs. Gikerson, 50 A., 1040; Stewart vs. Sutton, 48 A., 1073; Underwood vs. Florsheim Co., 129 L., 450; Crane vs. Bank, 130 L., 95.

## III.

The trial Judge was of the opinion that result of declaring the effect of the sale and re-sale to be a mere conventional mortgage would be to revive the old note of $516.00 which, together with the open account, were replaced as aforesaid by the note of $992.24 at the time the sale and re-sale was executed. The lower Court accordingly reinstated in plaintiff's favor the note of $516.00, which purports to be secured by vendor's privilege; and by its judgment accorded plaintiff a right of payment out of the fund by priority over intervenors.

In this there was error; for not only were the debts in open account and on the note of $516.00 merged into one and replaced by the new note of $992.24, but it appears that the note of $516.00 and the inscription of the mortgage and privilege purporting to secure same were cancelled and erased of record. This clearly evidences an intention to extinguish the old indebtedness, and we are of opinion that the note of $516.00 was novated.

R. C. C., 2185, et seq.

The evidence shows that the widow who is nearly sixty-five years of age, is sick and unable to work; possesses no property or income whatever, and is being supported by her children. The minor was a plantation laborer at wages of seventy-five cents a day and possesses no property. Such was their condition at the time of Barthelmy's death, and in our judgment the intervenors have clearly established that they were in "necessitous circumstances" within the meaning of R. C. C., 3252. Their pecuniary condition at any time subsequent to Barthelmy's death is wholly immaterial.

Succession of White, 29 A., 702; Succession of DeBoisblanc, 32 A., 18; Succession of Wellmeyer, 34 A., 820; Succession of LeSassier, 34 A., 1068.

The intervenors are entitled to payment out of the fund by preference, and judgment must be rendered to that effect.

It is accordingly ordered that the judgment be reversed and set aside, and it is now adjudged and decreed that there be judgment in favor of intervenors, and against the plaintiff, ordering Paul Berthelot, Sheriff of the Parish of St. John the Baptist to pay and deliver to said intervenors the proceeds now in his hands arising from the sale of the property herein, namely the sum of $340.47.

It is further ordered that the plaintiff and appellee pay the costs of the intervention incurred in both Courts.

Judgment reversel.

Opinion and decree, June 2nd, 1913.

Rehearing refused, June 26th, 1913.

Writ denied, October 3rd, 1913.