OTIS ELEVATOR COMPANY, A CORPORATION, RESPONDENT, v. JOHN STAFFORD AND OTHERS, APPELLANTS.

Argued June 2, 1920—Decided November 3, 1920.

1. In a suit upon a mechanics' lien claim, where the evidence is conflicting as to whether a promissory note given by the builder to the lien claimant is to be applied in part payment of the sum due upon the contract for which the lien claim is filed or in part payment upon a contract being concurrently performed by the lien claimant for another building for the same builder, the application of the payment is a question of fact to be determined by the jury from the evidence submitted.

2. A receipt evidencing the payment of money upon a contract as between the parties thereto is always open to explanation.

3. A lien claimant who has given to a builder a receipt for the payment of money on account of the work, where in fact no money was paid to the claimant by the builder, does not, by the giving of said receipt, either waive his right to a mechanics' lien or waive his rights to file a lien for the amount falsely stated in the receipt to have been paid.

4. The reservation of title and possession of all machinery, implements and apparatus furnished under a contract for a building until payment is made is not a waiver of the right to file a mechanics' lien.

---

On appeal.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KATZENBACH.

For the appellants, *Clarence L. Cole.*

For the respondent, *Clarence L. Goldenberg.*

The opinion of the court was delivered by

KATZENBACH, J.   In April, 1917, the Otis Elevator Company made a proposal, in writing, to John Stafford, to furnish and erect two electric passenger elevators in an apartment-house in Atlantic City, then being constructed by Stafford and known as the Vermont Apartments. The proposal was accepted by Stafford on May 4th, 1917. The proposal contained the following paragraph, to which later reference will be made: "We are to retain title to, and possession of, machinery, implements and apparatus furnished by us under the terms of this proposal until final payment shall have been made." The Otis Elevator Company installed the elevators, and upon the failure of Stafford to make payment as the contract provided, filed in the Atlantic county clerk's office, on August 3d, 1918, a mechanics' lien against the building and the curtilage on which the same was erected, making as parties defendant the said Stafford, as builder and owner, and those holding mortgages of record against the premises. Stafford became a bankrupt, and the trustees in bankruptcy of his estate were substituted for Stafford as parties defendant by an order of the Atlantic County Circuit Court. The suit instituted on the lien claim was tried and resulted in a verdict for the plaintiff. It was stipulated at the trial that the question of the priorities of the various mortgages should not be an issue, and that the sole issue for determination was whether the plaintiff had a valid mechanics' lien. From the judgment rendered the defendants have appealed.

The first ground of appeal is the refusal of the trial court to charge that the plaintiff's claim must be reduced by the sum of $1,000, represented by a promissory note not due at the time of the filing of the lien claim. The testimony showed

that the plaintiff was performing for Stafford, concurrently, two contracts for the installation of elevators, the one under review and the other for the Lenox Apartments in Philadelphia. On December 31st, 1917, Stafford handed to the accountant of the plaintiff his promissory note for $1,500, due May 31st, 1918. On May 31st, 1918, the note was renewed for $1,000 for seventy days, and therefore had not matured at the date of the filing of the lien claim. There was a conflict of evidence as to whether the original note had been directed by Stafford to be applied to the work on the Lenox or Vermont Apartments. The plaintiff had applied it to the work done on the Lenox Apartments. Neither Stafford or the plaintiff's accountant were witnesses at the trial. In view of the conflicting evidence the trial court was correct in refusing to grant the defendant's request and in submitting the question of the application of the payment to the jury.

The second ground of appeal is the refusal of the trial court to charge certain requests, to the effect that the plaintiff waived its right of lien or its lien to the extent of $1,500 by giving to Stafford a receipt for $1,500 in cash to be applied on the Vermont Apartments contract when in fact no cash was received by the plaintiff. It appears that the plaintiff's accountant, without the knowledge of anyone connected with the plaintiff, received a note of $1,500 and gave to Stafford a receipt stating that $1,500 in cash had been received and applied on the contract for the Vermont Apartments. The evidence clearly establishes that no cash was in fact paid by Stafford. The note for $1,500 matured July 28th, 1918; was not paid and was produced at the trial. The defendants contend that this transaction is evidence that the plaintiff intended (a) to look to Stafford personally for the payment of the $1,500; (b) to waive its right of lien *pro tanto* and (c) to cease to look to the property for payment by way of a mechanics' lien, and that the jury should have been charged to this effect. The plaintiff received no benefit by the giving of the receipt. If its purpose was to enable Stafford to secure money under the mortgages to which he would not otherwise have been entitled, the mortgagees are not complaining, as

the question of priority between them and the lien claimant is by stipulation not an issue in the case. As between the plaintiff and Stafford, or his trustees in bankruptcy who stand in his place, it is difficult to see how a receipt for cash, which has been proven not to have evidenced a payment in cash, can be availed of by Stafford, the wrong-doer, if the theory of the defendants as to the purpose of the receipt be correct, or by his trustees, who stand in Stafford's place, as conclusive evidence of an agreement on the part of the plaintiff to waive its right to lien or as evidence of payment in full or to the amount expressed in the receipt. As the receipt is the only evidence upon which the defendants rely to support their contention of an agreement to waive the lien and to look to Stafford personally for payment, we think the trial court was correct in refusing to draw the inferences contended for by the defendants from the giving of the receipt and correct in refusing to charge the jury on the subject as requested by the defendants.

The third question raised by the appeal is the refusal of the trial court to direct a verdict in favor of the defendants, upon the ground that the clause in the contract above set forth by which title to the machinery, &c., was retained by the plaintiff until final payment was made, was a waiver of the right of the plaintiff to file a mechanics' lien. The same point is covered by certain requests to charge made by the defendant which the court declined to charge and to which refusal exceptions were taken by the defendants. The position taken by the defendants is that the mere fact that by the terms of its contract the plaintiff reserved title to its machinery, &c., is conclusive evidence of the waiver by the plaintiff of its statutory right to lien. The right to file a mechanics' lien is a valuable right. Not only does the lien claimant thereby fasten his lien upon the very materials, machinery, &c., which he has put into the building, but he acquires a lien upon the land upon which the building is erected. Clear and unmistakable evidence is necessary to hold that the right to file a lien has been waived. A waiver of the right to file a lien cannot be inferred from a clause in a contract which is

designed to give the party furnishing the materials for the construction of a building or the machinery for its equipment a more specific and exclusive lien. A contract embodying such a provision evidences no intention to release the building and curtilage. It really evidences the desire on the part of the materialman to avail himself of every avenue to secure payment for that which he has put into the property. It is not inconsistent with the right conferred by the mechanics' lien statute. The contract retained a lien upon the elevators. The statute creates a lien not only upon the elevators but upon the building in which they were placed and the curtilage. One is a lien by contract, the other is a lien by statute. Neither destroys the other. The vendor who reserves title to the machinery or materials furnished until payment is made is not estopped thereby from availing itself of its right to file a mechanics' lien. *Clark* v. *Moore,* 64 *Ill.* 273; *Hoover, Owens & Rentschler Co.* v. *Featherstone Sons,* 111 *Fed. Rep.* 81.

We find, therefore, no error in the rulings of the trial court on this question.

The defendants contend as a further ground of appeal that the trial court erred in the admission in evidence of a journal voucher in the handwriting of a person not called as a witness. If there was error in this admission, which is doubtful, as the evidence was brought out by the defendants' counsel, it was harmless, and so need not be discussed.

Objection is also made in defendants' brief to the form of the judgment as entered which gives priority to the lien claim over defendants' mortgagees. This is not assigned as a ground of appeal. If there is an error in the form of the judgment as entered it can be corrected upon application to the Atlantic County Circuit Court.

The judgment establishing the lien claim of the plaintiff is affirmed, with costs.