WALTER HUSTED, APPELLANT, v. MAXWELL SUGARMAN ET AL., RESPONDENTS.

Submitted October 26, 1929—Decided May 19, 1930.

For the appellant, *Louis H. Miller*.

For the respondents, *M. Joseph Greenblatt* and *J. Roy Oliver*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The present appeal brings up for review a judgment of nonsuit directed in favor of each of the two defendants. The proofs submitted by the plaintiff at the trial disclosed the following situation: The plaintiff is a building contractor. The defendant Blum is the lessee of the other defendant, Sugarman, who is the owner of a building in Millville, the leasehold estate being a portion of that building. After entering into possession under the lease, Blum employed the plaintiff to do certain work in altering and repairing that part of the building of which he was the tenant, stating to the plaintiff, "you do what I order you to do and I will pay the bill." Plaintiff thereupon proceeded to alter and repair that part of the building which was leased to Blum, in accordance with Blum's instructions; and after the work was done presented the latter with a bill for $805, which he claimed was a reasonable compensation for the services rendered. Upon the presentation of the bill, Blum refused to pay it in full, saying that he would pay $400 of it but that the remaining portion thereof should be charged to and paid by the defendant Sugarman, the owner of the premises. Plaintiff accepted this statement as true, and thereupon made out a new bill to Blum for $400. This bill contained the following statement: "The above amount is one-half of total amount due for labor and material furnished at Sugarman building on Main street, Millville, New Jersey, balance to be charged to Maxwell Sugarman. Received of Samuel Blum payment in full for above amount." This receipt was signed by plaintiff, the defendant Blum at the same time paying him the $400 which he admitted that he owed. The plaintiff then presented to the defendant Sugarman a bill for the balance of his account and requested payment from the latter. Sugarman, upon the presentation of the bill, refused to pay it, stating that he knew nothing about the matter; that he had not ordered the work done and was not liable for its payment.

After the facts above recited had been proved by the plaintiff, he rested his case, and thereupon the trial court directed

a nonsuit in favor of each of the defendants, basing that direction, so far as Sugarman was concerned, upon the fact that the proofs submitted by the plaintiff failed absolutely to support his claim against the latter. The basis of the nonsuit in favor of the defendant Blum was that the legal effect of the receipt given to him by the plaintiff and which had been above recited, was to release him from his obligation to make any further payment on account of the work done and materials furnished by plaintiff in repairing and altering the leased property.

Counsel for the plaintiff contends before us that the trial court erred in the direction of a nonsuit both as to the defendant Blum and as to the defendant Sugarman. As to the nonsuit in favor of Sugarman, it seems to us perfectly clear that the evidence submitted by the plaintiff did not indicate in the slightest degree any liability on the part of Sugarman to pay his claim. This being so, the nonsuit in his favor was properly directed.

We consider, however, that the direction of a nonsuit as to Blum was erroneous. His statement to the plaintiff in refusing to pay the bill in full was, by implication, a declaration that Sugarman was legally liable to pay one-half of the bill; and that statement was the inducing cause of the signing of the receipt by the paintiff. As has already been indicated, the statement was not true in fact, and it is entirely settled that a receipt, although *prima facie* an admission that the claim of the party signing it has been satisfied, is not conclusive evidence of that fact and may be contradicted or explained; and where it is the result of misrepresentation on the part of the person to whom it is given, such misrepresentation annuls the receipt. *Kenny* v. *Kane,* 50 *N. J. L.* 562, 564.

The proofs submitted on the part of the plaintiff clearly evidenced that the work and labor done, and the materials furnished, by the plaintiff in making the alterations and repairs to the leasehold premises, was done and were furnished under a contract entered into between himself and the defendant Blum, by the terms of which the latter agreed to pay the

whole cost thereof, and that he alone was legally liable to make such payment.

For the reasons indicated we conclude that the judgment of nonsuit in favor of the defendant Sugarman should be affirmed, and that the judgment in favor of the defendant Blum should be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.