JOHN J. DOHERTY, PLAINTIFF-RESPONDENT, v. AMERICAN EMPLOYERS' INSURANCE COMPANY OF BOSTON, MASSACHUSETTS, DEFENDANT-APPELLANT.

Submitted October 27, 1933—Decided January 5, 1934.

For the appellant, *Mark Townsend, Jr.*

For the respondent, *Ward & McGinnis.*

The opinion of the court was delivered by

DONGES, J. Respondent brought suit to recover on a policy issued to him by the appellant, assuring certain payments in case of death or disability, resulting from bodily injuries effected solely by accidental means. Respondent had previously recovered verdicts in District Court suits for sums due at the times such suits were instituted, all growing out of the same injuries upon which the present suit is based.

The accident to respondent occurred on April 30th, 1929, and is alleged to have been sustained as respondent was cranking his automobile. The engine backfired and he received a blow which caused a prolapse of the rectum, as a result of which he was "both independently and exclusively of all other causes  *  *  *  continuously and wholly disabled and pre-

vented from performing any and every kind of duty pertaining to his occupation * * *" for the period sued for, namely, from April 20th, 1932, to August 31st, 1932.

Respondent recovered a judgment from which this appeal is taken.

There were in the policy three provisions respecting payments for injuries, namely: (1) $100 per week for life "if such injuries independently and exclusively of all other causes shall within thirty days from the date of the accident continuously and wholly disable and prevent the insured from performing any and every kind of duty pertaining to his occupation."

(2) $75 per week for fifty-two weeks "if such injuries independently and exclusively of all other causes shall within thirty days from the date of accident, or within thirty days following continuous total disability, continuously disable and prevent the insured from performing a major portion of the daily duties pertaining to his occupation."

(3) $50 per week for a period not exceeding two hundred consecutive weeks, "if such injuries independently and exclusively of all other causes shall within thirty days from the date of accident, or within thirty days following a period of continuous total or continuous intermediate disability continuously disable and prevent the insured from performing one or more material daily duties pertaining to his occupation."

Respondent asserted that he suffered disability from accident which brought him within the first quoted provision. Appellant asserted that the insured had not suffered disability which prevented him from performing any and every kind of duty pertaining to his occupation and asserted, further, that any disability was due to tuberculosis of the lungs.

The first ground urged for reversal challenges the accuracy of the charge of the court. The appellant quotes a lengthy excerpt from the charge, the pertinent part of which is as follows:

"The reasonable construction to be put upon the language that was used in this policy that is now before us, as I have read it to you, was not and is not that the plaintiff must be

so disabled as to prevent him from doing anything whatsoever pertaining to his occupation, but that if he be so disabled as to prevent him from doing any and every kind of business pertaining to his occupation he is entitled to recover in this case."

The language used was from *Gross* v. *Commercial Casualty Co.*, 90 *N. J. L.* 594, but, except for the use of the word "business" in place of the word "duty" the language is identical with that contained in the policy of insurance in the instant case. In the way used in the policies, the words "business pertaining to his occupation" and "duty pertaining to his occupation" are synonymous. There was no error in the charge in this respect.

It is urged that it was error to admit in evidence photographs of respondent's rectum, taken when the intestines protruded from the rectum, because it is said that the condition was not a continuous one. We think there is no merit in this point, because it was not asserted by the respondent that the condition was always present, and it was made clear to the jury that the photographs were intended to portray a condition that existed at times. Appellant's medical experts testified that the photographs accurately and fairly portrayed the condition when the intestines were protruding from the rectum.

Appellant urges that it was error to overrule certain questions designed to establish that the assured was not disabled between April 29th and June 12th, 1930, a period of time covered by a judgment recovered in a prior suit. Appellant in its brief concedes that the effect of the prior judgment or judgments was to render *res adjudicata* the questions "as to the policy being in effect at the time of the alleged accident, the occurrence of the accident, the injury received by the plaintiff and his compliance with the condition thereof." Thus the subject-matter of the questions ruled out was not open to attack, because the extent of respondent's injuries for the period of time covered by the aforesaid judgments was likewise *res adjudicata.*

The next point argued is that it was error not to permit appellant to examine respondent's medical experts as to who

asked them to examine respondent. We think this question was not material, but if it was, we think no harm was done by such refusal.

The next point is that it was error to permit counsel for respondent to propound hypothetical questions to medical witnesses designed to elicit an opinion as to the extent of assured's disability. The ground urged is that it was the function of the jury to determine the extent of such disability. We think it was competent for medical experts to testify as to their opinion of the extent of the disability of the assured in consequence of the injury received in the accident.

The appellant complains of the ruling of the trial judge in overruling certain questions propounded to appellant's medical expert, Dr. Vanderhoff, as to whether respondent was totally disabled between April 20th, 1932, and August 31st, 1932. Some of the questions were overruled because, in the view of the trial judge, they did not embrace all of the essential facts, but the record discloses that the witness was permitted to testify that respondent was not totally disabled during the period in question, and that appellant secured everything that was sought to be elicited by the prior questions from the witness (page 236).

The other grounds urged for reversal relate to certain questions propounded to witnesses with respect to the ability of respondent·to work during periods of time covered by prior judgments in his favor, in order, as appellant urges, to impeach respondent's credibility. We think these matters were in the discretion of the trial judge, and we are unable to discover any harmful error or abuse of discretion in the manner in which they were dealt with.

The record disclosing no harmful error, the judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.

*For reversal*—None.