CHARLES HALPERN, PLAINTIFF-APPELLEE, v. THE EQUI-
TABLE LIFE ASSURANCE SOCIETY OF THE UNITED
STATES, DEFENDANT-APPELLANT.

Submitted October 4, 1938—Decided December 7, 1938.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the defendant-appellant, *Collins & Corbin* (*Edward A. Markley* and *Patrick F. McDevitt,* of counsel).

For the plaintiff-appellee, *Aaron Heller.*

The opinion of the court was delivered by

TRENCHARD, J. The defendant below appeals from a judgment entered upon the verdict of a jury in the District Court in favor of the plaintiff.

The action was based upon a policy of insurance issued by the defendant company on January 14th, 1922, wherein the defendant agreed to pay to the plaintiff the sum of $50 per week during total disability due to accident or sickness.

On this appeal the defendant-appellant has expressly abandoned all of its specifications of causes for reversal excepting one, and that is this:

"The trial court erred in refusing to grant a nonsuit or to direct a verdict in favor of the defendant when thereunto

moved, whereas said motions should have been granted for the following reason: There was no proof that the plaintiff was wholly and continuously disabled from disease which prevented him from performing any and every duty pertaining to his occupation."

We think the motions were properly denied.

The contract provided for the payment to the plaintiff of indemnity for disability caused by disease "if such disease shall wholly and continuously disable the insured and prevent him from performing any and every duty pertaining to his occupation  *   *   *."

As we have indicated the question presented is whether there was any evidence tending to show that the plaintiff was so disabled from July 27th, 1937, to August 20th, 1937, as claimed by him, within the meaning of the contract.

We think there was, as we shall now show, and hence, since a jury question was thus presented, the defendant's motions to nonsuit and to direct a verdict were properly denied.

At the trial the plaintiff testified that he was engaged in the business of appraising, buying and selling automobiles, mostly in distant cities; that he became sick July 27th, 1937; that he was unable to take care of his business because of a severe gas attack, and so did not return to work until August 20th, 1937; that on the day he first became sick he suffered a gas attack; that he stayed at home until August 20th, 1937, except that he occasionally went out; that he was not confined to bed but stayed at home most of the time reading books, lying down on the bed for a few hours and taking it easy, following the doctor's orders. That testimony was not contradicted or impeached at the end of the case—not even in the slightest respect—and established a *prima facie* case for the plaintiff upon the question now under consideration, and precluded the court from granting the motions and taking the case from the jury, and so it follows that the motions were properly denied. *Gross* v. *Commercial Casualty Insurance Co.,* 90 *N. J. L.* 594; 101 *Atl. Rep.* 169; *Doherty* v. *American Employers Insurance Co.,* 112 *N. J. L.* 52; 169 *Atl. Rep.* 652; *Leffler* v. *Aetna Life Insurance Co.,* 119 *N. J. L.* 370; 196 *Atl. Rep.* 332.

The appellant, however, argues that this is not so, because the plaintiff's testimony was not corroborated by the testimony of a physician. But that argument is fallacious. Where, as here, the plaintiff's testimony tends to show all the matters of fact upon which his right to recovery depends, a motion to nonsuit and to direct a verdict for the defendant will be denied, regardless of the fact that plaintiff did not call a physician as a witness by way of corroboration.

The judgment below will be affirmed, with costs.