## ANZANO v. METROPOLITAN LIFE INS. CO.

District Court, D. New Jersey.

April 1, 1940.

No. L-5553.

Fred Saperstein, of Union City, N. J., and J. Emil Walscheid, of Jersey City, N. J., for plaintiff.

Katzenbach, Gildea & Rudner, by Louis Rudner, of Trenton, N. J., for defendant.

FAKE, District Judge.

The issues here arise on defendant's motion to set aside a verdict and judgment entered thereon for plaintiff. Defendant also seeks a reversal and judgment in its favor notwithstanding the verdict of the jury. The relief sought is based upon the following grounds.

1. It is argued that the verdict is contrary to the weight of the evidence.

An examination of the record discloses a summary of the evidence adduced by the plaintiff. It is found in a hypothetical question. When the factors therein are considered, it will be found that plaintiff established a prima facie case by something more than a mere scintilla of evidence. Anything contradictory thereof subsequently introduced was for the jury.

2. It is urged that although the complaint, as to both counts thereof, is predicated upon Clause 1 of the insurance policy, Clauses 2 and 3 thereof must be considered.

The theory upon which plaintiff instituted this suit arises solely on the language of Clause 1 of the policy, under which it was incumbent upon plaintiff to prove that the insured was totally disabled from the time he was struck on the head, in a hold-up until he died, and that the injury sustained in the hold-up was the sole cause of his death. Clauses 2 and 3 of the policy apply only to injuries which do "not result as specified in Clause 1". The proofs here fall clearly within the first clause. Gross v. Commercial Casualty Ins. Co., 90 N.J.L. 594, 101 A. 169; Teitelbaum v. Massachusetts Accident Co., 181 A. 395, 13 N.J.Misc. 811; affirmed 116 N.J.L. 417, 184 A. 808; Woodrow v. Travelers Insurance Co., 121 N.J.L. 170, 1 A.2d 447; Booth v. United States Fidelity & Guaranty Co., 130 A. 131, 3 N.J.Misc. 735; Doherty v. American Employers' Ins. Co., etc., 112 N.J.L. 52, 169 A. 652. See, also, Garms v. Travelers' Insurance Co., 242 App.Div. 230, 273 N.Y.S. 39; affirmed 266 N.Y. 446, 195 N.E. 147; verdict for plaintiff on re-trial sustained, 246 App.Div. 519, 283 N.Y.S. 422.

3. It is submitted that plaintiff failed to establish that the insured was wholly and continuously disabled from the date of the accident until his death from performing any and every kind of duty pertaining to his occupation as a pharmacist.

The evidence before the Court, when read in the light of the interpretation given to the policy in the cases above cited, leads to the conclusion that there were jury questions involved and they were properly submitted to the jury under the charge of the Court.

4. It is contended that the burden of proof was upon the plaintiff to establish that disease or bodily or mental infirmity had no direct or indirect part in causing the disability and death.

This goes to one of the major issues in the case, and whether burden of proof is dealt with as connoting the burden to go forward with evidence or otherwise, the result here will be the same. The Court allowed a death certificate to be admitted in evidence which certificate set forth the cause of death as, "sub-arachnoid hemorrhage neuro-syphilis", and this raised an issue at the trial as to whether or not the hemorrhage was caused by or contributed to a syphilitic condition in the insured. The defense was not able to produce any evidence from qualified witnesses bearing upon the existence of syphilis in the insured, and the defense here would rest upon the disclosure in the death certificate. I am now convinced, however, that I was quite in error in allowing the certificate in evidence, and its absence would leave the defendant with no competent evidence whatever on a contributing cause of death. The certificate was not executed in conformity with the New Jersey statutes under which I admitted it. It was not signed by the attending physician but by an interne not admitted to practice medicine in the State, nor was he the attending physician. See the opinion of Mr. Justice Bodine in Aitken v. John Hancock Mutual Life Ins. Co. filed since the trial here and reported in 124 N.J.L. 58, 10 A.2d page 745. The certificate could therefore raise no burden upon the plaintiff to go forward with evidence upon the subject of syphilis, and such references as were made to that disease during the progress of the trial were ill-founded and should have been stricken out.

Evidence bearing upon the condition of the insured such as had a bearing upon his conduct, his automobile driving license, his hunting licenses, his daily goings and comings and doings, were such as raised jury questions in view of other evidence bearing thereon and in explanation thereof.

5. It is claimed that the check issued to the insured by defendant operates as a bar to a recovery either by way of release or accord and satisfaction.

The check contained this printed language: "For full payment of claim under the above numbered policy for injuries sustained or sickness beginning on or about 7.10.31". This was not a technical release under seal and evidence was admitted at

the trial bearing upon the intent of the parties with relation to the language quoted. The jury was charged as to the law relating to releases, and accord and satisfaction and as to the facts underlying the same, and while the charge may now be improved upon, I am convinced that there was no error therein sufficient to warrant a new trial or a reversal of the judgment. See Crane v. Alling, 15 N.J.L. 423; Line & Nelson v. Nelson & Smalley, 38 N.J.L. 358; Waln v. Waln, 53 N.J.L. 429, 22 A. 203; and Id., 53 N.J.L. 640, 34 A. 1068; Joslin v. Giese, 59 N.J.L. 130, 36 A. 680; Smith v. Gavin, 136 A. 428, 5 N.J.Misc. 323; Otis Elevator Co. v. Stafford, 95 N.J.L. 79, 111 A. 695; Cole v. Taylor, 22 N.J.L. 59, and Husted v. Sugarman, 106 N.J.L. 365, 150 A. 417; Rose v. American Paper Co., 83 N.J.L. 707, 85 A. 354; Decker v. George W. Smith & Co., 88 N.J.L. 630, 96 A. 915; Kissell v. Myer & Bush Co., 96 N.J.L. 513, 115 A. 378; Castelli v. Jereissati, 80 N.J.L. 295, 78 A. 227, and Hurlbutt v. Mausoleum Co. of America, 1 N.J.Misc. 552.

6. It is advocated that plaintiff is estopped under both counts of the complaint.

This contention is founded upon the conduct of the insured as disclosed by the evidence bearing upon his condition, his acceptance of the check above referred to, his answers to questions, and his failure to notify defendant of his continuing disabilities by reason whereof defendant failed to exercise its right of examination. The insured had written the company on August 27th, "that unless something unforeseen develops, I am now in as good health as I was" etc. There is no evidence that he had knowledge that he had been permanently injured in his brain structure, and in the absence thereof there was no duty upon him to speak. Always the defendant had the right to examine him under the terms of the policy, but it failed to do so. I can not spell an estoppel out of the evidence presented at the trial.

Considering the case as a whole, I am of the opinion that no errors occurred at the trial of sufficient importance to warrant the granting of the relief sought.

The motion to set aside the verdict is denied and the alternate relief sought falls with that motion.