ADAMS PRESS, INC., PLAINTIFF-APPELLANT, v. BREEZE CORPORATION, INC., AND JOSEPH MASCUCH ET AL., DEFENDANTS-RESPONDENTS.

Submitted February 15, 1946—Decided May 3, 1946.

For the appellant, *Harry Green*

For the respondents, *Wall, Haight, Carey & Hartpence* (*Edward J. O'Mara,* of counsel).

The opinion of the court was delivered by

PERSKIE, J.   This appeal involves an action by a law printing concern against the defendants to recover the cost of printing the state of case and briefs in the case of *Hollander* v. *Breeze Corporations, Inc.,* 131 *N. J. Eq.* 585; 26 *Atl. Rep.* (*2d*) 507; *affirmed,* 131 *N. J. Eq.* 613; 26 *Atl. Rep.* (*2d*) 522.

Suit was instituted against the corporate defendant and three individual defendants.   Two of the latter were not served.   The complaint contained three counts, two of which were against the individual defendants and one of which was

directed to the corporate defendant. At the trial a motion for a nonsuit was granted in favor of both the corporate and individual defendants. An appropriate judgment was entered and plaintiff has appealed.

In passing upon the propriety of a nonsuit, we are, of course, obliged to accept as true all the facts and inferences to be deduced therefrom as presented by the plaintiff. *Repasky* v. *Novich,* 113 *N. J. L.* 126; 172 *Atl. Rep.* 374; *Shappell* v. *Apex Express, Inc.,* 131 *N. J. L.* 583, 589; 37 *Atl. Rep.* (*2d*) 849. Guided by this principle we note that the individual defendant agreed to pay for the cost of the printing of the state of case and briefs. There is no doubt but that the total charges amounted to $13,091.66 or that the plaintiff has been paid by November 18th, 1942, the sum of $5,781.70 leaving a balance due of $7,309.96.

Following our decision in *Hollander* v. *Breeze Corporations, Inc., supra,* the parties composed their differences. See *Hollander* v. *Mascuch,* 132 *N. J. Eq.* 376; 28 *Atl. Rep.* (*2d*) 298. Pursuant to the settlement the corporate defendant agreed to pay the cost of printing in an amount not to exceed $12,000. On November 18th, 1942, when as indicated the individual defendant owed plaintiff the sum of $7,309.96, the corporate defendant signed a check, payable to the plaintiff in the amount of $12,000. This check was never actually delivered to plaintiff even though a receipt covering the same was given to the corporate defendant by plaintiff. Upon the failure to deliver the check to the plaintiff it called for the return of its receipt. That call was ignored. The check was in fact delivered to the individual defendant who with the plaintiff's president proceeded to the bank on which it was drawn to cash it. There plaintiff's president endorsed the check and received in exchange therefor a deposit slip in the amount of $6,300. The balance of the proceeds of the check was apparently turned over to the individual defendant. Thus plaintiff received against its bill of $13,091.66 the sum of $6,300 from the corporate defendant and $5,781.70 from the individual defendant, or a total of $12,081.70 leaving a balance due for which demand was made of $1,009.96.

As already indicated suit was brought for this sum and plaintiff was nonsuited. We think the verdict as to the corporate defendant was proper but that a *prima facie* case was proved as against the individual defendant.

So far as concerns the corporate defendant it suffices to observe that there was no proof whatever of any contractual relationship between plaintiff and it. And even if it be said that plaintiff was a third party beneficiary to the settlement wherein the corporate defendant agreed to pay up to $12,000 for the cost of the printing, still the proofs admit of no recovery since the corporate defendant fully performed its obligation under the settlement agreement by paying the $12,000 due from it. There being no count predicated upon a *quantum meruit*, nor any proof of an agreement, express or implied, between plaintiff and the corporate defendant, the nonsuit in this regard was proper.

The situation regarding the individual defendant, however, is not parallel to that of the corporate defendant. As to the individual, on the basis of the proofs submitted it was open to the jury to find that he agreed to pay for the printing, that the printing was done; that the cost thereof was $13,091.66 which was a reasonable price; and that there was a balance due plaintiff in excess of $1,000 for which demand was made. It is difficult to perceive what possible additional evidence could be required. The fact that plaintiff executed a receipt to the corporate defendant is of no avail to the individual defendant on a motion to nonsuit. The execution and delivery of the receipt, in the stated circumstances, was open to explanation and contradiction. See *Barry* v. *Administrators of Berry*, 17 *N. J. L.* 440; *Cole* v. *Taylor*, 22 *Id.* 59; *Joslin* v. *Giese*, 59 *Id.* 130, 133; 36 *Atl. Rep.* 680; *Adams* v. *Camden Safe Deposit and Trust Co.*, 121 *N. J. L.* 389, 399, 400; 2 *Atl. Rep.* (2d) 361. Clearly, the proofs offered by plaintiff in explanation of the execution and delivery of the receipt presented, as to its conclusiveness, a jury question. It was, therefore, error to nonsuit as to the individual defendant.

Accordingly the judgment in favor of the corporate defendant is affirmed, with costs. The judgment in favor of

the individual defendant is reversed, and a *venire de novo awarded*. Costs are to abide the event.

*For affirmance*—RAFFERTY, J. 1.

*For reversal*—THE CHIEF JUSTICE, PARKER, J. 2.

*For modification*—THE CHANCELLOR, BODINE, DONGES, HEHER, PERSKIE, OLIPHANT, WELLS, DILL, MCGEEHAN, JJ. 9.